State v. Flynn

———————

STATE OF NORTH CAROLINA v. DONALD L. FLYNN

No. 734SC661

(Filed 19 December 1973)

Indictment and Warrant § 17; Municipal Corporations § 32— giving massage to member of opposite sex — fatal variance

In a prosecution of the manager of a massage parlor for allowing a female person to massage a male person in violation of a city ordinance which applied specifically to a "person holding a license under this article," nonsuit should have been allowed where the evidence showed that defendant was not a licensed operator on the date of the alleged crime.

APPEAL by defendant from Braswell, Judge, 12 March 1973 Session, ONSLOW County Superior Court.

Defendant was charged in a warrant with the violation of a town ordinance of Jacksonville, North Carolina, on 29 January 1973, in that he allowed a female person to massage a male

person in a massage parlor of which he was manager in violation of Chapter 15-17, Section 1-10 of the City Ordinance.

From a conviction and sentence in the district court, the defendant appealed to the superior court where he was again found guilty and sentenced to a term of thirty days in jail. It was from this judgment that the defendant appealed to this Court.

*Attorney General Robert Morgan by Assistant Attorney General Russell G. Walker, Jr., and Associate Attorney Charles J. Murray, for the State.*

*Smith, Carrington, Patterson, Follin & Curtis by J. David James and Michael K. Curtis for defendant appellant.*

CAMPBELL, Judge.

The evidence on behalf of the State was ample to show that on the evening of 29 January 1973, a police officer of Jacksonville entered the Oriental Massage Parlor and there arrested a female employee who had just completed giving a massage to a male customer. The officer then went next door to a bookstore where he arrested the defendant. The defendant was the manager of the massage parlor and was such on 29 January 1973.

The warrant specifically charged the defendant with violating Section 1-10 of the ordinance. The pertinent part of the ordinance reads as follows:

"Section 1-10. *Treatment of Persons of Opposite Sex.*

(a) *Restricted.* It shall be unlawful for any person holding a license under this article to treat a person of the opposite sex, except upon the signed order of a licensed physician, osteopath, chiropractor, or registered physical therapist, which order shall be dated and shall specifically state the number of treatments, not to exceed ten (10). . . ."

It is to be noted that this provision of the ordinance, the violation of which the defendant was charged with, specifically applies to a "person holding a license under this article." This provision was alluded to in the charge of the judge where he stated "[t]hat according to a section of the ordinance it shall be unlawful for any person holding a license under this article

to treat a person of the opposite sex." The female operator, who was arrested on this occasion, namely, Barbara S. Bailey, testified on behalf of the State; and among other things, she stated: "On January 29, 1973, we did not have a license from the City of Jacksonville to operate a massage parlor."

The evidence on behalf of the State therefore discloses that the defendant was not a licensed operator as required by Section 1-10 of the ordinance. The defendant was not charged with a violation of Section 1-13 of the ordinance, which section made it a misdemeanor for any person to operate a massage parlor without a license. The evidence on behalf of the State disclosed a violation of Section 1-13 but does not disclose a violation of Section 1-10.

It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged. The allegation and proof must correspond. *State v. White*, 3 N.C. App. 31, 164 S.E. 2d 36 (1968).

There was a fatal variance between the charge contained in the warrant and the evidence. The motion of the defendant for a nonsuit should have been sustained.

Reversed.

Judges BRITT and VAUGHN concur.