STATE OF NORTH CAROLINA v. THOMAS E. WHITE
No. 6825SC261

(Filed 13 November 1968)

**1. Indictment and Warrant § 17;   Automobiles § 3— variance between allegation and proof**

There is a fatal variance between allegation and proof where the warrant charges that defendant operated a motor vehicle on a public highway while his license was revoked "on or about Monday, 12, 1967 at 10:00 a.m." and the evidence discloses that the alleged offense occurred on Saturday, 18 November 1967.

**2. Constitutional Law § 32—   right to counsel — misdemeanor cases**

An indigent defendant charged with a misdemeanor does not have an absolute right to have court-appointed counsel; the appointment of counsel in such cases rests in the sound discretion of the presiding judge.

**3. Criminal Law §§ 75, 162—   statements by defendant in officer's presence — failure to object — applicability of Miranda**

In a prosecution for reckless driving, testimony by a law officer that while defendant was receiving emergency treatment at a hospital a doctor asked defendant what he had been drinking, and defendant replied that he had drunk a fifth of liquor that day, *is held* properly admitted, defendant having made no objection to the testimony, and *Miranda v. Arizona* not being applicable since the statement did not result from in-custody interrogation by the officer.

**4. Criminal Law § 163—   failure to except to charge**

Assignment of error to the charge is ineffectual where defendant made no exception to any portion of the charge.

APPEAL by defendant from *Falls, J.*, 10 April 1968, Criminal Session of CATAWBA Superior Court. The original record filed in this case did not contain a charge by warrant or bill of indictment upon which the defendant was tried. An addendum to the record contains two warrants. The first warrant carries at the top thereof "North Carolina Uniform Traffic Ticket c051431." It is further designated as Docket No. 67-CrD-13604. This warrant purports to charge the defendant with unlawfully and willfully operating a motor vehicle on Highway 127 — "Driving while license were revoked and during period of revocation". It is further charged that this occurrence was on or about Monday, 12, 1967 at 10:10 A.M. The space for inserting the month of the violation is not readable.

The other warrant bears the designation "North Carolina Uniform Traffic Ticket c051429". It is further designated as Docket No. 67-CrD-12734. It charges the defendant with unlawfully and willfully operating a motor vehicle on Highway 127 — "No Operators

License G.S. 20-7; Reckless Driving G.S. 20-140; No Registration Plates G.S. 20-50-111; Inspection Violation G.S. 183-2." The violation date is designated therein as Saturday, the eleventh month, eighteenth day, 1967, at 6:30 P.M.

The addendum to the record further shows that in the District Court of Catawba County the .charge — "No Operators Licenses — Nol prossed."

The evidence shows that about 7:00 P.M. on 18 November 1967 the defendant was operating a motor vehicle upon Highway 127, a public road in Catawba County. He was operating on the wrong side of the road when he met another vehicle going in the opposite direction. The operator of the second vehicle, Deputy Sheriff Yoder, had to leave the road in order to avoid being run into by the defendant. Yoder turned around and overtook the defendant, who ran off the road and into a service station, hitting two other vehicles. The defendant, who had no driver's license, was operating a vehicle which had no license tag. As a result, warrants were issued by A. L. Warren, the Chief of Police of the Town of Brookford. The warrant in Docket No. 67-CrD-13604 was sworn to on 12 December 1967. The warrant in Docket No. 67-CrD-12734 was sworn to on 19 November 1967.

The defendant, who was not represented by counsel at his trial, entered a plea of not guilty to all charges. The district court found him guilty in Docket No. 67-CrD-13604 for driving while his license was revoked and during the period of revocation and in Docket No. 67-CrD-12734 for reckless driving, driving with no registration plates, and inspection violation. From the judgments imposed in Docket No. 67-CrD-13604 and in Docket No. 67-CrD-12734, he appealed to the superior court, where he again entered a plea of not guilty to all charges.

In the superior court, the jury rendered a verdict of guilty on the charges of driving after revocation of license, reckless driving, no registration plates, and inspection violation. For driving after revocation, judgment was entered that the defendant be confined in the common jail of Catawba County for two years and assigned to work under the supervision of the Department of Correction. For reckless driving and inspection violation, judgment was entered that the defendant be confined in the common jail of Catawba County for six months and assigned to work under the supervision of the Department of Correction, this sentence to commence at the expiration of the sentence pronounced in Docket No. 67-CrD-13604. On

the charge of no registration plates, which charge was contained in Docket No. 67-CrD-12734, there was a dismissal by the court.

From these sentences, the defendant gave notice of appeal to the Court of Appeals. This appeal was perfected as a pauper and the Court appointed counsel to represent the defendant.

*T. W. Bruton, Attorney General, William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*Lewis E. Waddell, Jr., Attorney for defendant appellant.*

CAMPBELL, J.

The record on appeal in this case is inadequate in that no exceptions appear in the record or in the transcript and there are no exceptions supporting the assignments of error. The charge of the court is not contained in the record, and there are other deficiencies.

[1] In Docket No. 67-CrD-13604 the date of the violation charged is Monday, the 12th of some month which is illegible. In the year 1967 the month of June was the only month that had a, Monday falling on the 12th day. The evidence discloses that whatever offense the defendant committed was on Saturday, 18 November 1967, but there is nothing in the warrant in Docket No. 67-CrD-13604 that connects the defendant with any offense on Saturday, 18 November 1967. It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged. The allegation and proof must correspond. *State v. Watson*, 272 N.C. 526, 158 S.E. 2d 334; *State v. Sossamon*, 259 N.C. 374, 130 S.E. 2d 638. We hold that there is a fatal variance between the charge contained in the warrant in Docket No. 67-CrD-13604 and the evidence. This Court *ex mero motu* vacates the judgment entered in Docket No. 67-CrD-13604. If a uniform traffic ticket is going to be used, care must be exercised in filling it out so that it accurately charges the offense, and the defendant will know with what he is charged.

In the other case, Docket No. 67-CrD-12734, the defendant was found guilty by the jury of reckless driving, no registration plates, and inspection violation. The trial court dismissed the charge of no registration plates. On the other two charges, as stated above, the defendant was sentenced to six months in the common jail of Catawba County to be assigned to work under the supervision of the State Department of Correction.

[2] The defendant contends that there was error in the trial

court in failing to appoint counsel to represent him. We find no merit in this contention.

> "We do not conceive it to be the absolute right of a defendant charged with a misdemeanor, petty or otherwise, to have court-appointed and-paid counsel. . . . The Statute . . . leaves the matter to the sound discretion of the presiding judge. Some misdemeanors and some circumstances might justify the appointment of counsel, but this is not true in all misdemeanors." *State v. Bennett,* 266 N.C. 755, 147 S.E. 2d 237; *State v. Morris,* 2 N.C. App. 262, 163 S.E. 2d 108.

[3] The defendant further contends that there was error in the trial court in allowing the following testimony of Deputy Sheriff Yoder:

> "We called the ambulance and taken Thomas White to the hospital. And I immediately went on down to the hospital and Chief Warren stayed with the car. And he [defendant] was in the emergency room. I talked with Dr. Jones which was waiting on him; and Dr. Jones asked him in my presence what he had been drinking. He said he had drank a fifth of liquor that day."

No objection was entered to the admission of this statement. An objection is a prerequisite. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1; *State v. Stubbs,* 266 N.C. 274, 145 S.E. 2d 896. There was no "in-custody interrogation" by the officer, therefore, this evidence was clearly outside the scope of the *Miranda* ruling. *State v. Meadows,* 272 N.C. 327, 158 S.E. 2d 638.

This assignment of error is overruled.

[4] The defendant also attempts to assign error to the judge's charge. There was no exception to any portion of the charge, therefore, this assignment of error is ineffectual. Nevertheless, we reviewed the charge of the court and do not find any prejudicial error to the defendant contained therein.

For fatal variance between the warrant and the evidence in Case No. 67-CrD-13604, sentence vacated.

In Case No. 67-CrD-12734, judgment affirmed.

MALLARD, C.J. and MORRIS, J., concur.