STATE OF NORTH CAROLINA v. JOHN GARFIELD RUSH, JR.

No. 7320SC536

(Filed 25 July 1973)

**Indictment and Warrant § 17; Narcotics § 2— distribution and possession with intent to distribute marijuana — fatal variance between indictment and proof**

Where the bill of indictment charged defendant with the unlawful distribution of marijuana, but the instructions of the judge to the jury related to, and the verdict of the jury found the defendant guilty of, the offense of possession with intent to distribute a controlled substance, defendant was found guilty of an offense for which he was not charged, and judgment is therefore arrested.

APPEAL by defendant from *Falls, Judge,* 19 March 1973 Session of Stanly County Superior Court.

Defendant was tried on a proper bill of indictment charging him with the unlawful distribution of marijuana, a controlled substance, the offense having occurred on 30 December 1972.

He entered a plea of not guilty; and the jury, after having been charged by the court as to the crime of possession of marijuana with intent to distribute, found defendant guilty of possession with intent to distribute.

Defendant was sentenced to imprisonment for three to five years.

*Attorney General Robert Morgan by Associate Attorney Henry E. Poole for the State.*

*Coble, Morton & Grigg by Ernest H. Morton, Jr., for defendant appellant.*

State v. Morris

CAMPBELL, Judge.

The defendant was charged in the bill of indictment with a statutory offense. G.S. 90-95(a)(1) makes it unlawful "[t]o manufacture, distribute or dispense or possess with intent to distribute a controlled substance listed in any schedule of this Article." The offense charged in the bill of indictment was the unlawful distribution of a controlled subtance and it specifically set forth the person to whom the unlawful distribution was made. The instructions of the judge to the jury related to, and the verdict of the jury found the defendant guilty of, the offense of possession with intent to distribute a controlled substance. This was not the offense with which the defendant was charged in the bill of indictment. The two offenses, (1) the distribution, and (2) the possession with intent to distribute, are separate offenses. *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973).

The defendant has not been found guilty of the offense with which he was charged, and he was found guilty of an offense for which he was not charged. It therefore follows that the judgment imposed was incorrect.

Judgment arrested.

Judges BRITT and BALEY concur.