STATE OF NORTH CAROLINA v. CLARENCE J. HUNTER AND JOE McCRAY

No. 9112SC717

(Filed 15 September 1992)

**1. Searches and Seizures § 12 (NCI3d) — illegally parked car — officer's stop of defendant not pretextual — subsequent search within scope of stop**

An officer's initial stop of defendant was not pretextual where defendant parked his car in a rest area in a driveway reserved for trucks, and the officer testified that it was his practice to issue a warning ticket for illegal parking. Furthermore, the officer's subsequent investigation after issuing the warning ticket did not exceed the scope of the stop where the officer asked defendant questions about the other occupants of the car in order to confirm defendant's identity; defendant gave the officer conflicting information about the car's occupants; and the questions were legitimate in light of the fact that the rental contract which defendant produced was in the name of another person.

**Am Jur 2d, Searches and Seizures § 90.**

**2. Searches and Seizures § 18 (NCI3d) — search of vehicle — consent given by driver**

There was no merit to defendant's contention that he did not consent to the search of his automobile where defendant signed a consent to search form; the trooper did not threaten or otherwise force defendant to sign the form; and defendant never withdrew his consent to search the automobile.

**Am Jur 2d, Searches and Seizures §§ 47, 100.**

**3. Narcotics § 4.3 (NCI3d) — possession of cocaine in vehicle — sufficiency of evidence of actual or constructive possession**

In a prosecution of defendant for possession of and trafficking in cocaine, the evidence was sufficient to show that defendant either actually or constructively possessed the cocaine where it tended to show that defendant was sitting in the driver's seat of the automobile where the cocaine was found and had possession of the vehicle's rental agreement, even though it was not in his name; a folded pharmaceutical receipt with defendant's fingerprints on it was found on the

console of the automobile, and it contained cocaine; and a portable radio found on the floor of the backseat concealed several plastic bags which contained crack cocaine and one bag which contained cocaine hydrochloride.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Conviction of possession of illicit drugs found in automobile of which defendant was not sole occupant. 57 ALR3d 1319.**

4. **Narcotics § 1.3 (NCI3d) — trafficking in cocaine by possession — possession of cocaine — two convictions — double jeopardy**

Defendant could not properly be convicted of trafficking in cocaine by possession and possession of cocaine, since this was violative of his right against double jeopardy.

**Am Jur 2d, Criminal Law § 279.**

5. **Searches and Seizures § 15 (NCI3d) — passenger in vehicle — no standing to challenge search**

Defendant had no standing to challenge the search of a radio seized from a vehicle in which he was a passenger where defendant specifically denied having any possessory or proprietary interest in the radio from which cocaine was seized.

**Am Jur 2d, Evidence § 418.**

6. **Evidence and Witnesses § 1214 (NCI4th) — hearsay statements of nontestifying codefendant — defendant's right to confront witnesses not denied**

There was no merit to defendant's contention that the trial court erred in admitting certain hearsay statements of the nontestifying codefendant because the admission of these statements violated his Sixth Amendment right to confront the witnesses against him, since defendant did not object to some of the statements at the time they were made; defendant did object to some of the investigating officer's testimony but failed to state any constitutional grounds for the objection and thus waived his right to appeal these issues; the statements involved here were not "powerfully incriminating"; and the trial court gave a limiting instruction with regard to the statements.

**Am Jur 2d, Criminal Law § 956.**

**7. Evidence and Witnesses § 294 (NCI4th) — search of tote bag — evidence of other offense — evidence properly admitted**

In a prosecution for trafficking in cocaine, the trial court did not err in admitting evidence found inside a tote bag, though that included evidence that defendant had been issued a traffic citation in another state, since the evidence was admissible to show that defendant exercised control or had possession of the tote bag, and the evidence was thus admitted for a proper purpose within N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Evidence § 260.**

APPEAL by defendants from judgment entered 10 January 1991 in CUMBERLAND County Superior Court by *Judge E. Lynn Johnson.* Heard in the Court of Appeals 9 April 1992.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mary Jill Ledford, for the State.*

*Harris, Mitchell, Hancox and VanStory, by Ronnie Mitchell, for defendant-appellant Clarence J. Hunter.*

*James R. Parish for defendant-appellant Joe McCray.*

WYNN, Judge.

This appeal arises as a result of a traffic stop where a North Carolina State Trooper ("Trooper Lowry") came upon the two defendants asleep in a car parked at a rest stop off interstate 95 ("I-95"). Upon approaching the vehicle, Trooper Lowry informed the driver of the car, Clarence Hunter, that he was illegally parked and asked for his driver's license and the vehicle registration. Defendant Hunter provided his Florida driver's license and the rental agreement for the vehicle. Trooper Lowry then asked Hunter to sit in the patrol car for the purpose of issuing him a warning ticket. Immediately after issuing the ticket, Trooper Lowry asked Hunter whether he would consent to a search of the vehicle. Hunter agreed and signed a consent form. Trooper Lowry then radioed other highway patrol officers for assistance in the search. Trooper Lowry found drug paraphernalia, including triple beam scales, zip lock baggies and one sided razor blades in a search of the trunk. Also within the trunk, Trooper Lowry opened a bag in which he found more zip lock baggies, pharmaceutical receipts, and a traffic citation issued to Hunter in Florida. Within the vehicle, Sergeant

Ralph Price found a pharmaceutical receipt with cocaine folded inside, and a traffic citation issued to defendant McCray in Georgia. Trooper Lowry found a radio lying in the floor of the backseat. He searched the radio and found crack cocaine and cocaine hydrochloride inside. Each defendant was placed under arrest.

Both defendants were charged with trafficking in a controlled substance by possession, trafficking in a controlled substance by transportation, possession with intent to sell and deliver a controlled substance and possession of drug paraphernalia. Prior to trial, both defendant Hunter and McCray filed motions to suppress the evidence found in the search. Defendant McCray's motion was denied on the ground that he lacked standing to challenge the search. Defendant Hunter's motion was denied because the trial court concluded that Hunter consented to the search. Both defendants were convicted on all charges and sentenced to fifteen years on the trafficking in cocaine by transportation charge and twenty years on the remaining charges. It is from these convictions that the defendants appeal.

Defendant Hunter's Appeal

Defendant Hunter has three assignments of error within this appeal. He first contends the trial court erred by denying his motion to suppress evidence found in the warrantless search of the automobile because the initial stop by Trooper Lowry was pretextual. He also assigns error to the trial court's denial of his motion to dismiss all charges on grounds of insufficient evidence. Hunter further contends the trial court's instruction to the jury on constructive possession was erroneous.

We first address the denial of the defendant Hunter's motion to suppress evidence. Hunter asserts the traffic stop was pretextual and Trooper Lowry's actual purpose was to search the defendant for illegal drugs because he matched a "drug courier profile." He argues that even if the stop was valid, Trooper Lowry's subsequent investigation exceeded the scope of the search. He also contends no intelligent or voluntary consent to search the automobile was given.

[1] A stop is invalid if it seeks to use a "pretext concealing an investigatory motive" on the part of the police. State v. Phifer, 297 N.C. 216, 223, 254 S.E.2d 586, 589 (1979) (quoting South Dakota

*v. Opperman,* 428 U.S. 364, 49 L.Ed.2d 1000 (1976) ). If the investigatory search is invalid, then the evidence seized as a result of the warrantless stop is inadmissible under the "exclusionary rule" both according to the federal constitution and the North Carolina Constitution. *Terry v. Ohio,* 392 U.S. 1, 20 L.Ed.2d 889 (1968), *State v. Carter,* 322 N.C 709, 370 S.E.2d 553 (1988). An officer, however, does not need probable cause to investigate a potential traffic offense, but instead is governed by the reasonableness standards of the Fourth Amendment. *State v. Aubin,* 100 N.C. App. 628, 631, 397 S.E.2d 653, 655 (1990), *rev. denied,* 328 N.C. 334, 402 S.E.2d 433, *cert. denied,* 112 S.Ct. 134, 116 L.Ed.2d 101 (1991). This Court set out the guidelines for such stops in *State v. Morocco,* 99 N.C. App. 421, 427, 393 S.E.2d 545, 548 (1990):

> A police officer may conduct a brief investigative stop of a vehicle where justified by specific, articulable facts which give rise to a reasonable suspicion of illegal conduct. However, police may not make *Terry*-stops based on the pretext of a minor traffic violation.

> In determining the traffic stop was pretextual, the trial court should look at what a reasonable officer *would* do rather than what an officer *could* do.

*Id.* (Citations omitted).

Applied to the instant case, the question is whether a reasonable officer would have stopped the defendant for being illegally parked in a rest area, not whether an officer could have done so.

The trial court made findings of fact and conclusions of law on this issue, and we are bound by the findings if they are supported by competent evidence. *State v. Crews,* 286 N.C. 41, 45, 209 S.E.2d 462, 465 (1974), *cert. denied,* 421 U.S. 987, 44 L.Ed.2d 477 (1975). In determining whether a stop was pretextual, however, we are not bound by the trial court's conclusion. *See State v. Davis,* 305 N.C. 400, 410, 290 S.E.2d 574, 583 (1982). The trial court found that Trooper Lowry observed the defendant's automobile "in the truck parking area hindering the flow of traffic," and that Trooper Lowry advised the defendant he was illegally parked and issued a warning ticket for improper parking. The trial court then concluded "the brief detention for the issuance of the warning ticket was lawful and reasonable in all respects under the circumstances then existing." Trooper Lowry testified that he ob-

served the defendant parked in the driveway reserved for trucks and that it was his practice to issue a warning ticket for illegal parking. These findings are in our opinion supported in the record by competent evidence. Furthermore, we find that the trial court's findings support its conclusion that the subject search was not pretextual.

The defendant also argues that the subsequent investigation by Trooper Lowry after issuing the warning ticket exceeded the scope of the stop. "The scope of the detention must be carefully tailored to its underlying justification." *Florida v. Royer*, 460 U.S. 491, 500, 75 L.Ed.2d 229, 238 (1983). However, "the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions." *Berkemer v. McCarty*, 468 U.S. 420, 439, 82 L.Ed.2d 317, 334 (1984).

The findings show that Trooper Lowry stopped the defendant for illegal parking and questioned the defendant about the other two occupants in the automobile. The defendant first told Trooper Lowry that the girl in the vehicle was a cousin and the man in the back was her brother but then later said the girl was actually his girlfriend and the man was not a relative. The rental agreement the defendant presented was in the name of Anthony Gilkes who was not present in the vehicle. We find that questions asked by Trooper Lowry about the other occupants of the vehicle were legitimately aimed at confirming the defendant's identity particularly in light of the rental contract being in the name of another person. Trooper Lowry then issued a warning ticket to the defendant and asked him if he would sign a consent to search form allowing Trooper Lowry to search the automobile and all luggage. We conclude that Trooper Lowry's initial investigation was reasonably related to the purpose of issuing a warning ticket for illegal parking and that asking for permission to search the defendant's vehicle did not exceed the permissible scope of his investigation.

[2] The defendant next contends that he did not consent to the search of his automobile. When, as here, the State seeks to rely upon defendant's consent to support the validity of a search, it has the burden of proving that the consent was voluntary. *State v. Hunt*, 37 N.C. App. 315, 321, 246 S.E.2d 159, 163 (1978); *Schneckcloth v. Bustamonte*, 412 U.S. 218, 36 L.Ed.2d 854 (1973). Voluntariness is a question of fact to be determined from all of

the surrounding circumstances. *State v. Williams*, 314 N.C. 337, 344, 333 S.E.2d 708, 714 (1985). We are bound by the trial court's findings of fact which are supported by competent evidence. *Id.* at 345, 333 S.E.2d at 715. The trial court's conclusions of law, however, are reviewable on appeal. *Id.* at 346, 333 S.E.2d at 715.

The record indicates and the trial court found that the defendant signed a consent to search form and that Trooper Lowry did not threaten or otherwise force the defendant to sign the form. These findings are supported by competent evidence. The record further supports the trial court's finding that the defendant never withdrew his consent to search the automobile. We hold that these findings support the trial court's conclusion that the defendant voluntarily, knowingly, and intelligently consented to the search of the automobile. We, therefore, conclude the defendant's motion to suppress the evidence found in the search was properly denied.

[3] The defendant next argues the trial court erred in denying his motion to dismiss on the ground the evidence was insufficient to prove the defendant either actually or constructively possessed the cocaine. We disagree.

In ruling upon a motion to dismiss the trial court must examine the evidence "in the light most favorable to the State, and the State is entitled to every reasonable inference which can be drawn from the evidence presented; all contradictions and discrepancies are resolved in the State's favor." *State v. Morris*, 102 N.C. App. 541, 544, 402 S.E.2d 845, 847 (1991). The trial court must determine as a question of law whether the State has offered substantial evidence of the defendant's guilt on every essential element of the crime charged. *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). " 'Substantial evidence' is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.*

A defendant has possession of a controlled substance when he has both the power and intent to control its disposition or use. *State v. Summers*, 15 N.C. App. 282, 283, 189 S.E.2d 807, 808, *cert. denied*, 281 N.C. 762, 191 S.E.2d 359 (1972). Possession may be either actual or constructive. *State v. Crouch*, 15 N.C. App. 172, 174, 189 S.E.2d 763, 764, *cert. denied*, 281 N.C. 760, 191 S.E.2d 357 (1972). Constructive possession exists when there is no actual personal dominion over the controlled substance, but there is an intent and capability to maintain control and dominion

over it. *State v. Spencer*, 281 N.C. 121, 129, 187 S.E.2d 779, 784 (1972). "An inference of constructive possession can also arise from evidence which tends to show that a defendant was the custodian of the vehicle where the controlled substance was found." *State v. Dow*, 70 N.C. App. 82, 85, 318 S.E.2d 883, 886 (1984). In addition, a defendant's power to control the automobile where a controlled substance was found is enough to give rise to the inference of knowledge and possession sufficient to go to the jury. *Id.*

In the instant case, the evidence tended to show the defendant was sitting in the driver's seat of the automobile and had possession of the vehicle's rental agreement, even though it was not in his name. In addition, a folded pharmaceutical receipt on the console of the automobile contained cocaine. The fingerprints of both defendants were found on the receipt. A portable radio was found on the floor of the backseat. A search of the radio revealed several plastic bags containing crack cocaine and one bag containing cocaine hydrochloride. We conclude there was sufficient evidence to show the defendant had control of the automobile. Furthermore, the defendant's control of the premises where the controlled substance was found was sufficient to require submission of the issue of possession to the jury. *Dow*, 70 N.C. App. at 85, 318 S.E.2d at 886. This assignment of error is therefore overruled.

[4] The defendant next assigns error to the charge of N.C. Gen. Stat. § 90-95(h)(3)(b) (1990 & Supp. 1991) trafficking by possession of at least 200 grams but less than 400 grams (that amount found within the radio) for which he was sentenced to fifteen years. The defendant was also convicted of N.C. Gen. Stat. § 90-95(h)(3)(b), trafficking in cocaine by transportation of at least 200 grams but less than 400 grams; N.C. Gen. Stat. § 90-95(a), misdemeanor possession of cocaine (that amount found as residue on the pharmacy receipt); and N.C. Gen. Stat. § 90-113.22, possession of drug paraphernalia. These charges were consolidated for trial and he was sentenced to 20 years. He contends that he may not be convicted of misdemeanor possession of cocaine and trafficking by possession because this is violative of his right against double jeopardy. We agree.

In *State v. Sanderson*, 60 N.C. App. 604, 300 S.E.2d 9, *disc. review denied*, 308 N.C. 679, 304 S.E.2d 759 (1983), the defendants, among other charges, were found guilty of possession of marijuana with intent to sell; manufacturing marijuana and trafficking by

possession. They argued that a conviction under N.C. Gen. Stat. § 90-95(a) is a lesser included offense of N.C. Gen. Stat. § 90-95(h)(1) and conviction for the greater and lesser offense would place the defendants in double jeopardy. This Court agreed and held that,

> Manufacturing or possession under G.S. 90-95(a) does not require proof of any additional facts beyond those required under G.S. 90-95(h)(1), therefore convictions under both statutes violate defendants' protection against double jeopardy, and the convictions for the lesser included offenses should be vacated.

*Sanderson*, 60 N.C. App. at 610, 300 S.E.2d at 14.

We find, and the State concedes as much, that the judgment for the lesser included offense of misdemeanor possession of cocaine should be arrested and that the defendant's sentence for the greater included offense of trafficking by possession should be vacated and remanded for a new sentencing hearing. We have reviewed the defendant's remaining assignments of error and find them to be without merit.

### Defendant McCray's Appeal

[5] Defendant McCray has several assignments of error within this appeal. Initially, he contends that the trial court erred in denying his motion to suppress the cocaine found within the radio and the residual cocaine found on the pharmacy receipt in his name on the basis that he had no standing to challenge the search. We disagree. In order for a defendant to challenge a search, he has the burden of proving that he has standing to object to the search and seizure. *State v. Taylor*, 298 N.C. 405, 415, 259 S.E.2d 502, 508 (1979). However, when a defendant fails to assert a property or possessory interest in the property searched, or a showing of circumstances giving rise to a reasonable expectation of privacy in the premises searched, he fails in his burden of proving standing. *State v. Jones*, 299 N.C. 298, 306, 261 S.E.2d 860, 865 (1980). Even when grounds exist to challenge the search and seizure, the defendant may not do so where he has failed to establish his standing to object. *Id.*

The record indicates that defendant, through his counsel, denied having any possessory or proprietary interest in the radio from which the cocaine was seized. During the hearing on the suppression of evidence, counsel for McCray stated unequivocally that the defendant was "not making any possessory interest in the

STATE v. HUNTER

[107 N.C. App. 402 (1992)]

radio." Therefore, without a possessory or proprietary interest in the radio, the defendant lacks standing to challenge the items found within the radio. This assignment of error is overruled.

[6] Next, defendant McCray assigns error to the admission of certain hearsay statements of the non-testifying co-defendant, Hunter, because the admission of these statements violated his Sixth Amendment right to confront the witnesses against him. This issue was addressed in *Bruton v. United States*, 391 U.S. 123, 20 L.Ed.2d 476 (1968), where the confession of non-testifying co-defendant, Evans, inculpating another defendant, Bruton, was admissible to the extent that it related to Evans' guilt. However, the Court ruled that the confession was inadmissible hearsay in determining the guilt or innocence of Bruton.

In the instant case, Trooper Lowry testified that defendant Hunter, at the time of the search, told him that McCray had driven the car earlier that day and was issued a speeding citation in Georgia. The record indicates that McCray did not object to these statements at the time they were made. Trooper Lowry also testified that he found a pharmacy receipt that contained cocaine residue on the console of the car, which is where the defendant would have been sitting if he had driven the car. The defendant did object to testimony relating to where the pharmacy receipt was found in the automobile, but failed to state any constitutional grounds for the objection. According to Rule 10(b) of the N.C.R. App. P., when an objection fails to state constitutional grounds, the defendant has waived his right to appeal these issues.

Moreover, the objection to the statements of Trooper Lowry in relation to the pharmacy receipt, are not the type of statements contemplated by *Bruton*. The *Bruton* court held that where powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant are deliberately spread before the jury in a joint trial, this is the context in which there is a risk that the jury will not, or cannot, follow the instructions of a trial judge to disregard the information. *Bruton*, 391 U.S. at 135-36, 20 L.Ed.2d at 485. In the instant case, the statements, as discussed previously, were not "powerfully incriminating." Furthermore, the trial court issued an instruction that the evidence was to be admitted only for the purpose of demonstrating the factual relationship between where the item was located and where

the driver was sitting. Thus, this assignment of error is also overruled.

[7] Defendant McCray next assigns error to the admittance of evidence found within a tote bag, including an appointment book bearing the defendant's name, zip lock baggies and a traffic citation issued to him in Georgia because the items were inadmissible under Rule 404(b). It is the State's contention that the evidence found within the tote bag was admitted for the purposes of showing that the defendant was in control of the tote bag and the drug paraphernalia found within the bag, and that he had been in control of the vehicle. N.C. Gen. Stat. § 8C-1, Rule 404(b) (1986) allows the admission:

> Evidence of other crimes, wrongs, or acts is . . . . admissible for . . . proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

*Id.*

Recently, this Court in *State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990), held that "evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused." *Id.* at 278, 389 S.E.2d at 54 (quoting *State v. Weaver*, 318 N.C. 400, 403, 348 S.E.2d 791, 793 (1986) ). Rule 404(b) is a general rule of inclusion for relevant evidence of other crimes, wrongs, or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant had the propensity or disposition to commit an offense of the nature of the crime charged. *Coffey*, 326 N.C. at 278-79, 389 S.E.2d at 54.

In this situation, the evidence of the speeding citation, appointment book and zip lock baggies were offered for admission to show that the defendant exercised control or had possession of the tote bag and the trial court allowed its admission for "establishing identity and possession." As such, this evidence was admitted for a proper purpose within Rule 404(b), and the admission of the citation was also proper as being relevant to any other fact or issue. *See id.* Therefore, this assignment of error is overruled.

Finally, defendant McCray assigns error to being convicted both of possession of cocaine and trafficking by possession because this violates his right against double jeopardy. For the reasons

stated in defendant Hunter's opinion above, we agree. Therefore, the judgment for defendant McCray's conviction with regard to the lesser included offense of misdemeanor possession of cocaine should be arrested and the defendant's sentence for the greater included offense of trafficking by possession must be vacated and remanded for a new sentencing hearing. Because of our disposition of this issue, we need not address defendant McCray's final assignment of error.

In summary, we hold:

With respect to defendant Hunter:

In case number 89 CRS 27657, judgment is arrested as to count 3; and, the consolidated sentence entered for counts 1, 3, and 4 is vacated and the remaining counts of 1 and 4 are remanded for resentencing.

In case number 89 CRS 27657, count 2 — No error.

With respect to defendant McCray:

In case number 89 CRS 27660, judgment is arrested as to count 3; and, the consolidated sentence entered for counts 1, 3, and 4 is vacated and the remaining counts of 1 and 4 are remanded for resentencing.

In case number 89 CRS 27660, count 2 — No error.

Judges LEWIS and WALKER concur.