STATE OF NORTH CAROLINA v. ANTONIO LAMONT BROOME

No. COA98-1372

(Filed 21 December 1999)

### 1. Drugs— trafficking—weight of mixture

There was no fatal variance between the indictment and the proof where defendant was indicted for trafficking by possession of 200-400 grams of cocaine, the State introduced a package of cocaine mixture seized from defendant's car weighing 273 grams, and the State's expert testified that the package contained only 27 grams of pure cocaine. N.C.G.S. § 90-95(h)(3)(a) states that it is a felony to possess a substance or mixture that is 200 grams or more and the relevant question is the weight of the total substance seized regardless of the purity.

### 2. Appeal and Error— assignments of error—basis for argument

One of the defendant's arguments on appeal from a cocaine trafficking charge was dismissed where it was based entirely on an assignment of error submitted to the Court of Appeals in a motion to amend the record which the Court of Appeals had denied.

### 3. Drugs— constructive possession—automobile

There was sufficient evidence that defendant possessed cocaine within the meaning of N.C.G.S. § 90-95(h) where defendant owned and was present in the car in which the police found the drugs, the drugs were deposited there at defendant's direction, and defendant was the lone occupant of the car at the time the drugs were seized. Regardless of whether defendant was able to escape, there was no plain error in the trial court finding sufficient evidence of defendant's intent and capability to control the disposition and use of the cocaine in his automobile.

### 4. Drugs— trafficking by possession—attempt

The trial court did not err in a cocaine trafficking prosecution by refusing to charge the jury on the lesser included offense of attempt where defendant contended that the evidence of possession was equivocal, but the offense was complete at the time of defendant's arrest.

STATE v. BROOME

[136 N.C. App. 82 (1999)]

**5. Criminal Law— entrapment—sufficiency of evidence**

There was no plain error in a cocaine trafficking prosecution where the trial court did not instruct on entrapment. Viewed in the light most favorable to defendant, the situation described by the evidence amounted to no more than providing opportunity. The invitation to defendant neither rose to the level of persuasion, trickery, or fraud by the police to induce defendant to purchase cocaine nor indicates that the plan to sell the cocaine originated with the State.

**6. Evidence— hearsay—personal knowledge—corroboration**

There was no plain error in a cocaine trafficking prosecution in the admission of testimony from an officer about setting up the drug deal. Although defendant contended that the testimony must have been based on a conversation with another and went to matters not within the officer's personal knowledge, the State's questions called for the officer to testify as to what may have occurred after the alleged conversation and his testimony consisted of details of the drug transaction derived from the officer's subsequent participation in the deal. Assuming the testimony was hearsay, it corroborated the third party's direct testimony.

**7. Constitutional Law— effective assistance of counsel**

There was no error in a cocaine trafficking prosecution where defendant alleged ineffective assistance of counsel but the outcome was not affected by defense counsel's alleged failings.

Appeal by defendant from judgment entered 26 June 1998 by Judge John M. Gardner in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 September 1999.

On 5 September 1997 Defendant-Appellant Antonio Broome (Broome) was arrested for trafficking in cocaine in violation of N.C. Gen. Stat. § 90-95(h). On 27 August 1997, John Morgan (Morgan) had been arrested and charged with three counts of trafficking in cocaine. As part of a plea agreement, Morgan agreed to assist the police with drug enforcement in the Charlotte-Mecklenburg area. Broome's case was one in which Morgan assisted.

During the presentation of the case for the State, Morgan testified for the State that Broome called him and asked if he knew of anyone from whom Broome could purchase cocaine. Morgan called Officer Bobby Tarte (Officer Tarte) of the Charlotte-Mecklenburg Police

STATE v. BROOME

[136 N.C. App. 82 (1999)]

Department, who set up a "reverse-sting" at a local Hooters restaurant parking lot on 5 September.

Officer Tarte testified that on 5 September he went to the Hooters parking lot with Morgan carrying nine ounces of cocaine obtained from the police crime lab. Broome was waiting in his car. The parking lot was surrounded by eight to ten police units. As Tarte and Morgan pulled alongside Broome, Broome rolled down his window and asked that they move to another location. Officer Tarte declined. Morgan then got into the front seat of Broome's car and Tarte got into the back seat. Broome handed Tarte a tube sock filled with a large amount of money, and asked Tarte if he had brought "everything he was supposed to bring." Over Broome's objection, Tarte testified that he understood this question to be an inquiry as to whether Officer Tarte had brought cocaine. Officer Tarte responded that he had brought the cocaine. According to Tarte, Broome requested that Tarte "put the cocaine in his [Broome's] car" and "place it on his back seat." Tarte got out of Broome's car, retrieved the cocaine from his trunk, and returned to Broome's car, placing the drugs in the back seat of Broome's car. Broome never actually touched the drugs. Tarte then got out of Broome's car and removed his hat, signaling to nearby undercover officers to move in. Broome attempted to drive away, but before he was able to leave the parking lot, he punctured his tires on a "stop stick" that police left in his path.

For the defense, Broome testified that Morgan called him on 3 September, telling him that he had "something" to show him. Morgan called him back on 5 September to arrange the meeting between Broome and a drug source at Hooters. In the Hooters parking lot, Morgan got into the front seat and Officer Tarte got into the back seat of Broome's car. Officer Tarte placed a package of cocaine mixture on the back seat. Broome admitted carrying a tube sock of cash (later determined to be $3502), but testified that the money was for an outstanding $3100 debt to an automotive shop on South Tryon Street in Charlotte for a prior purchase of new rims for Broome's car. The trial transcript reveals that the defense entered a receipt for Broome's purchase of the rims into evidence, but an actual copy of the receipt was not included in the record. Broome did not recall attempting to flee and did not think his tires were punctured by a "stop stick."

After the jury found Broome guilty of trafficking in cocaine, the trial court sentenced him to seventy to eighty-four months in prison. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Mary Dee Carraway, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*

EAGLES, Chief Judge.

[1] Defendant Broome was indicted for trafficking by possession of 200-400 grams of cocaine in violation of N.C. Gen. Stat. § 90-95(h). The State introduced as evidence a package of cocaine mixture seized from Broome's car weighing 273 grams; however, the State's expert testified that the package contained only 27 grams of pure cocaine. Defendant argues that because of this "fatal variance" between the State's proof and the offense charged in the indictment, he was denied his constitutional right to sufficient notice of the charge against him, to prepare a proper defense, and to avoid double jeopardy. *See State v. Ingram,* 20 N.C. App 464, 466, 201 S.E.2d 532, 534 (1974).

Preliminarily, we note that Broome's attorney failed to renew his motion to dismiss the case at the close of evidence, necessary to properly preserve this issue. N.C. R. App. P. 10(b)(3). The issue is therefore abandoned. *Id.* At defendant's urging, we have evaluated his first assignment of error under the plain error rule. N.C. R. App. P 10(c)(4); *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). We find no plain error.

To support his contention that his conviction should be vacated, Broome cites *State v. White,* 3 N.C. App. 31, 164 S.E.2d 36 (1968) and *State v. Rush,* 19 N.C. App. 109, 197 S.E.2d 891 (1973). In *Rush,* this Court arrested judgment against a drug offender convicted of an offense not contained in the indictment. Unlike *Rush,* the defendant here was indicted, tried and convicted of the same offense, trafficking by possession of cocaine in violation of G.S. 90-95(h). In *White,* this Court found a fatal variance between an indictment alleging various traffic violations and the proof of those violations—a traffic citation with an inaccurate violation date. This Court vacated the defendant's sentence, holding that "[t]he allegation and proof must correspond . . . [so that] the defendant will know with what he is charged." *Id.* at 33, 164 S.E.2d at 38-39. The rule in *White,* while authoritative, is an incomplete statement of the law as it relates to this case.

In *State v. Tyndall*, 55 N.C. App. 57, 284 S.E.2d 575 (1981), this Court held that "[n]ot every variance . . . is sufficient to require a motion to dismiss." *Tyndall* at 61, 284 S.E.2d 577, citing *State v. Furr*, 292 N.C. 711, 235 S.E.2d 193, *cert. denied*, 434 U.S. 924, 54 L.Ed.2d 281 (1977). Here, as in *Tyndall*, a drug offender based his assignment of error on an alleged variance between the indictment and the State's proof. Specifically, Broome argues that possession of a 273-gram mixture containing only 27 grams of *pure* cocaine is legally insufficient to support a conviction for trafficking in 200-400 grams of cocaine. G.S.90-95(h)(3)(a) states that it is a felony to possess a "substance *or mixture* . . . [that] [i]s 200 grams or more, but less than 400 grams." (Emphasis added). Consistent with the legislative intent of this statute—to deter large-scale trafficking in "mixtures containing controlled substances"—we hold, as we did in *Tyndall*, "that the quantity of the mixture containing cocaine may be sufficient in itself to constitute a violation under G.S. 90-95(h)(3)." *Tyndall* at 60-61, 284 S.E.2d at 577. Because it is unlawful to traffic in either pure or mixed cocaine, the relevant question here is the weight of the total substances seized, regardless of the substances' purity. Because the package contents seized from Broome's car weighed 273 grams, we hold that there was no variance. This assignment of error is overruled.

[2] On 2 February 1999, we denied Broome's motion to amend the record to include a new assignment of error. Broome's second argument is based entirely on the proposed amendment to the record excluded by our 2 February order. Therefore, Broome's second argument is not supported by the record and is dismissed pursuant to N.C. R. App. P. 10(c)(1).

[3] In his third assignment of error, Broome argues that there was insufficient evidence that he "possessed" cocaine within the meaning of G.S. 90-95(h). Because Broome failed to renew his motion to dismiss at the close of evidence, we may consider this assignment of error only under the plain error rule. N.C. R. App. P. 10(c)(3),(4); *State v. Harris*, 315 N.C. 556, 564, 340 S.E.2d 383, 388 (1976). Although the cocaine mixture was seized from his vehicle's back seat, Broome essentially argues that the drugs never left the police's possession because (1) Officer Tarte put the drugs in Broome's back seat, (2) the parking lot was surrounded by police, (3) Broome was unable to leave the lot, and (4) Broome never touched the drugs. We are not persuaded.

Possession may be actual or constructive. Constructive possession may be proven by evidence of defendant's intent to control the disposition of a particular object. *See State v. Alston*, 131 N.C. App. 514, 508 S.E.2d 315 (1998); *State v. Hunter*, 107 N.C. App. 402, 420 S.E.2d 700 (1992), *overruled on other grounds, State v. Pipkins*, 337 N.C. 431, 446 S.E.2d 360 (1994); *State v. Dow*, 70 N.C. App. 82, 85, 318 S.E.2d 883, 885 (1984). We have held that "[a]n inference of constructive possession can . . . arise from evidence which tends to show that a defendant was the custodian of the vehicle where [a] controlled substance was found." *Hunter*, 107 N.C. App. at 409, 420 S.E.2d at 705, citing *Dow*, 70 N.C. App. at 85, 318 S.E.2d at 886. Unlike the *Alston* case cited by Broome, Broome owned and was present in the car in which the police found the drugs. Moreover, Broome was the lone occupant of the car at the time the drugs were seized from his car, the drugs having been deposited there at Broome's direction. Regardless of whether he was able to escape, Broome had the power to control the automobile in which the substances were found, raising an inference of possession sufficient to go to the jury. *Hunter*.

After careful review, we hold that there was no plain error in the trial court finding sufficient evidence of Broome's intent and capability to control the disposition and use of the cocaine found in his automobile. Officer Tarte testified (and Morgan confirmed) that he received a tube sock full of cash from Broome. Officer Tarte and Broome both testified that Tarte put a package of cocaine in the back seat of Broome's vehicle. Officer Tarte testified that he and Broome discussed the contents of the package before Tarte left Broome's vehicle. We hold there was sufficient evidence from which a jury could find that Broome took possession of the cocaine in exchange for cash payment. Accordingly, we overrule this assignment of error.

[4] Broome next argues that because the court erred in refusing to charge the jury on the lesser included offense of attempt, due process, *Beck v. Alabama*, 447 U.S. 625, 638, 65 L.Ed.2d 392, 403 (1980), and state law, *State v. Childress*, 228 N.C. 208, 209, 45 S.E.2d 42, 44 (1947) (interpreting G.S. § 15-170), entitle him to a new trial. We disagree.

An attempted crime is an intentional "overt act" done for the purpose of committing a crime but falling short of the completed crime. *State v. Collins*, 334 N.C. 54, 60, 431 S.E.2d 188, 192 (1982); *State v. Gray*, 58 N.C. App. 102, 106, 293 S.E.2d 274, 277 (1982), *cert. denied*, 306 N.C. 746, 295 S.E.2d 482 (1982). An attempted crime is generally

considered a lesser offense of that crime. *See Collins*, 334 N.C. at 59, 431 S.E.2d at 191; *Gray*, 58 N.C. App. at 106, 295 S.E.2d at 277. N.C. Gen. Stat. § 15-170 requires that the jury be instructed on the lesser included offense of attempt if "(1) the evidence is equivocal on this element of the greater offense so that the jury could reasonably find either the existence or the nonexistence of the element; and (2) absent this element only a conviction of the lesser included offense would be justified." *State v. Whittaker*, 307 N.C. 115, 118, 296 S.E.2d 273, 274 (1982). Broome contends that the evidence was equivocal on the element of possession and that the jury could have reasonably found that the defendant did not have constructive possession of the cocaine. Without the element of possession, he argues that his "interaction with Tarte and his attempt to leave the parking lot" could reasonably be seen by a jury as overt acts falling short of the completed offense of trafficking.

An attempt charge is *not* required if the State's evidence tends to show completion of the offense, *see Whittaker* at 119, 296 S.E.2d at 275; *Gray*, 58 N.C. App. at 106-07, 293 S.E.2d at 277, and there is no conflicting evidence relating to the elements of the crime charged, *Gray*; State *v. McLean*, 2 N.C. App. 460, 463, 163 S.E.2d 125, 126 (1968). Based on the State's uncontroverted evidence of possession discussed above, we hold that the offense of trafficking was complete at the time of Broome's arrest. The trial judge properly refused to instruct on an attempt.

**[5]** We next decide whether the trial court erred in failing to instruct on the defense of entrapment. We note that because Broome did not request an entrapment instruction at trial, he must show plain error. N.C. R. App. P. 10(b)(3),(4); *State v. Allen*, 339 N.C. 545, 554-55, 453 S.E.2d 150, 155 (1995), *overruled on other grounds by State v. Gaines*, 345 N.C. 647, 483 S.E.2d 396 (1997); *State v. Connell*, 127 N.C. App. 685, 691, 493 S.E.2d 292, 296 (1997), *disc. rev. denied*, 347 N.C. 579, 502 S.E.2d 602 (1998); *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). The United States Supreme Court has observed that "it is a rare case in which an improper instruction will justify a reversal of a criminal conviction when no objection was made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L.Ed.2d 203, 212 (1977). We discern no plain error.

Entrapment is "the inducement of one to commit a crime not contemplated by him, for the mere purpose of instituting a criminal prosecution against him." *State v. Stanley*, 288 N.C. 19, 27, 215 S.E.2d 589, 594 (1975). To establish entrapment, Broome must show "(1) acts

of persuasion, trickery or fraud carried out by law enforcement officers or their agents to induce a defendant to commit a crime, [and] (2) . . . [that] the criminal design originated in the minds of the government officials, rather than with the innocent defendant, such that the crime is the product of the creative activity of the law enforcement authorities." *State v. Walker*, 295 N.C. 510, 513, 246 S.E.2d 748, 750 (1978), citing *Stanley*. Broome testified that (1) Morgan initiated the drug transaction by asking Broome to meet him at Hooters to "show him something"; (2) Officer Tarte placed drugs in his car voluntarily, and not at Broome's request; and (3) the tube sock of cash was payment for automobile rims, not drugs. Arguing that "[a] defendant is entitled to a jury instruction on entrapment whenever the defense is supported by defendant's evidence, viewed in the light most favorable to the defendant," Broome contends that his testimony proved that he was entitled to an entrapment instruction. *State v. Jamerson*, 64 N.C. App. 301, 303, 307 S.E.2d 436, 437 (1983), citing *Walker*.

Law enforcement "may rightfully furnish to the players of [the drug] trade *opportunity* to commit the crime in order that they may be apprehended. It is only when a person is *induced* by the officer to commit a crime which he did not contemplate that we must draw the line." *Stanley* at 33, 215 S.E.2d at 598 (emphasis added). Thus, "[t]he court can find entrapment as a matter of law only where the undisputed testimony and required inferences compel a finding that the defendant was lured by the officers into an action he was not predisposed to take," *id.* at 32, 215 S.E.2d at 597, or that "the Government play[ed] on the weaknesses of an innocent party and beguil[ed] him into committing crimes which he otherwise would not have attempted." *Id.* at 31, 215 S.E.2d at 597, citing *Sherman v. United States*, 356 U.S. 369, 376, 2 L.Ed.2d 848, 853 (1958).

Viewed in the light most favorable to the defendant, the situation described by the evidence presented here amounts to no more than "providing opportunity." Even if Morgan invited Broome to Hooters to "show [Broome] something," this invitation neither rises to the level of "persuasion, trickery or fraud" by the police for the purpose of inducing Broome to purchase nine ounces of cocaine nor indicates that the plan to sell the cocaine originated with Officer Tarte or Morgan. Broome's testimony does not contradict the State's contention that Broome knew that the "something" allegedly referred to by Morgan was cocaine. Moreover, Broome failed to explain why he handed over a tube sock containing $3502 in cash to Officer Tarte, a

total stranger who (according to Broome) suddenly appeared uninvited in Broome's car with nine ounces of cocaine in hand. Finally, Broome's attempted escape from the Hooters lot is inconsistent with his contention that he had been duped by Morgan and the police. We therefore overrule this assignment of error.

[6] We next decide whether the court committed plain error in failing to exclude the following exchange:

Q. [by the district attorney]: [W]hat did Mr. Morgan [the police informant] tell you about [his contact with Broome]?

MR. CONNELLY [defense counsel]: Objection.

. . . .

COURT: Objection sustained. Next question.

. . . .

Q. Officer Tarte, after your conversation with Mr. Morgan, what . . . happened?

A. A drug deal . . . was then set up.

Q. What kind of drug deal?

A. A drug deal to sell nine ounces of cocaine.

Q. An [sic] who was going to sell the cocaine?

A. I was going to sell the cocaine.

Q. Who were you going to sell it to?

A. Antonio Broome.

. . . .

Q. When was the meeting or the deal to take place?

A. On the 5th, of September, around between [sic] tenant [sic] 11 o'clock.

. . . .

Q. And where was the meeting site going to be?

A. 5226 East Independence Boulevard, Hooters Restaurant.

Broome first argues that Officer Tarte's testimony must have been based on his conversation with Mr. Morgan, and that the testimony

was therefore inadmissible because it went to matters not within Officer Tarte's personal knowledge. A proponent of testimonial evidence must show that the witness has personal knowledge of the matter testified to; however, "[e]vidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." N.C. R. Ev. 602. *See also State v. Riddick*, 315 N.C. 749, 757, 340 S.E.2d 55, 59 (1986) ("testimony of [a witness that she heard defendant make a statement] was sufficient to show her ability to perceive and hear the defendant's statements and thus, to support a finding that she had personal knowledge of the matters in question"). Here, the key question leading to the testimony assigned as plain error was: "*after* your conversation with Mr. Morgan, what . . . happened?" (Emphasis added). Subsequent follow-up questions elicited details about what happened.

At best, the State's questions called for Officer Tarte to testify as to what may have occurred *after* his alleged conversation with Morgan, and not as to what Morgan told him *in* the conversation. Officer Tarte's testimony therefore consisted of details of the drug transaction derived from his subsequent participation in the deal, not from any prior conversation with Morgan. Therefore, Officer Tarte's testimony was based on his personal knowledge of events as he observed them and was admissible under Rule 602.

Assuming arguendo that Tarte's testimony was hearsay, we note that prior out-of-court statements may be admitted for the limited purpose of corroborating the witness' courtroom testimony, *State v. Coffey*, 345 N.C. 389, 403, 480 S.E.2d 664, 672 (1997), *State v. Holden*, 321 N.C. 125, 143, 362 S.E.2d 513, 526 (1987), *cert. denied*, 486 U.S. 1061, 100 L.Ed.2d 935 (1988), but only when those statements are consistent with and substantially similar to the trial testimony, *Coffey; State v. Riddle*, 316 N.C. 152, 157, 340 S.E.2d 75, 78 (1986). Here, Officer Tarte's direct testimony corroborated Morgan's direct testimony that a deal had been made to purchase nine ounces of cocaine from Morgan's drug source (Officer Tarte). The deal was to take place at Hooters on 5 September. Though Officer Tarte testified before Morgan, the State rightly argues that a limiting instruction was not required because none was requested. *State v. Noble*, 326 N.C. 581, 585, 391 S.E.2d 168, 171 (1990); *State v. Bryant*, 282 N.C. 92, 97, 191 S.E.2d 745, 749 (1972), *cert denied*, 410 U.S. 987 (1973). Accordingly, we overrule this assignment of error.

[7] Finally, we consider whether Broome was denied effective assistance of counsel at trial. To prevail, Broome must show that counsel's

performance "fell below an objective standard of reasonableness" in that (1) it was "deficient" and (2) the deficiency "prejudiced the defense," in that "there is a reasonable probability that, but for counsel's ineffective performance, the result of the proceedings would have been different." *State v. Moorman*, 320 N.C. 387, 399, 358 S.E.2d 502, 510 (1987); *State v. Braswell*, 312 N.C. 553, 561-63, 324 S.E.2d 241, 248 (1985). Broome recites various alleged failings of defense counsel: failure to renew the motion to dismiss; failure to object to jury instructions; failure to request an entrapment instruction; and failure to object to Officer Tarte's testimony. Moreover, he argues deficiency in defense counsel's lack of knowledge about Morgan's plea agreement, as well as counsel's failure to move for mistrial or to locate, recall and cross-examine the State's key witness upon discovering the terms of the plea agreement. Broome argues that counsel instead wrongly allowed evidence of the plea agreement to be published to the jury.

We are not persuaded that the outcome of this trial was affected by defense counsel's alleged failings. *Braswell*, 312 N.C. 563, 324 S.E.2d 248 (1985) ("an error, even an unreasonable error, does not warrant a reversal of a conviction unless there is a reasonable probability that, but for counsel's errors there would have been a different result in the proceedings"). Accordingly, we find no error.

No error.

Judges MARTIN and TIMMONS-GOODSON concur.