STATE OF NORTH CAROLINA
v.
JEFFRY ALLEN THOMAS

No. COA12-979

Filed 7 May 2013

**Criminal Law—jury instruction—entrapment**

The trial court did not err in a drugs case by failing to instruct the jury on the theory of entrapment. The record failed to indicate that law enforcement officers utilized acts of persuasion, trickery or fraud to induce defendant to commit a crime, or that the criminal design originated in the minds of law enforcement, rather than with defendant.

Appeal by defendant from judgment entered 11 January 2012 by Judge Anna Mills Wagoner in Rowan County Superior Court. Heard in the Court of Appeals 27 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Carole Biggers, for the State.*

*Guy J. Loranger for defendant-appellant.*

**STATE v. THOMAS**

[227 N.C. App. 170 (2013)]

BRYANT, Judge.

Where the record fails to indicate that law enforcement officers utilized acts of persuasion, trickery or fraud to induce defendant to commit a crime, or that the criminal design originated in the minds of law enforcement, rather than with defendant, the trial court did not err in failing to instruct the jury on the theory of entrapment.

Defendant Jeffry Allen Thomas was indicted on charges of trafficking in opium or heroin by possession, trafficking in opium or heroin by transportation, and felonious possession with intent to sell or deliver a controlled substance. On 10 January 2012, in Rowan County Superior Court, a jury trial was commenced before the Honorable Anna Mills Wagoner, Judge presiding.

The evidence presented tended to show that defendant was a retail store manager who began taking prescription pain pills provided to him by one of the store employees, Stephanie Griggs. Defendant testified that over a nine month period Griggs provided him with 100 pills. On the morning of 4 August 2010, Griggs called defendant, stating that she had access to pain medication containing hydrocodone and asking if he was interested in making a purchase. Defendant requested between ten and twenty pills. The two agreed to meet in the parking lot of a local grocery store. Prior to the exchange, Griggs met with officers in the Rowan County Sheriff's Department. An officer provided Griggs with fourteen pills containing hydrocodone, an opiate derivative and schedule III controlled substance. Griggs then met with defendant and exchanged the fourteen pills for eighty dollars. Defendant was arrested upon exiting the grocery store parking lot.

Following the close of the evidence, the jury returned guilty verdicts on the charges of trafficking in opium or heroin by possession, trafficking in opium or heroin by transportation and guilty of possession of hydrocodone. The trial court arrested judgment on the charge of possession of hydrocodone and entered judgment on the remaining charges. Defendant was sentenced to an active term of seventy to eighty-four months. Defendant appeals.

On appeal, defendant raises only one issue: whether the trial court erred in failing to instruct the jury on the defense of entrapment. Defendant acknowledges on appeal that he did not request that the trial court instruct the jury on entrapment; however, he argues that in the light most favorable to him, the evidence in this case gives rise to an

entrapment defense because: (1) the offer for defendant to purchase pain medication originated with law enforcement; (2) law enforcement officers determined that hydrocodone would be the narcotic defendant received; and (3) the pills law enforcement officers found in defendant's vehicle were left there despite defendant's rejection of the offer to purchase the pills. Defendant seeks a new trial, contending that the failure to instruct the jury on entrapment amounts to plain error. We disagree.

> [T]he plain error rule ... is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where the error is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Lawrence*, ___ N.C. ___, ___, 723 S.E.2d 326, 333 (2012) (citation omitted); *see also, State v. Broome*, 136 N.C. App. 82, 88, 523 S.E.2d 448, 453 (1999) (noting that where the defendant failed to request an entrapment instruction at trial, he must show the trial court's failure to so instruct amounted to plain error).

"Entrapment is the inducement of one to commit a crime not contemplated by him, for the mere purpose of instituting a criminal prosecution against him." *State v. Stanley*, 288 N.C. 19, 27, 215 S.E.2d 589, 594 (1975) (citation and quotations omitted). "To be entitled to an instruction on entrapment, the defendant must produce some credible evidence tending to support the defendant's contention that he was a victim of entrapment, as that term is known to the law." *State v. Redmon*, 164 N.C. App. 658, 662, 596 S.E.2d 854, 858 (2004) (citation and quotations omitted). The evidence is to be viewed in the light most favorable to the defendant. *Id.* at 663, 596 S.E.2d at 858 (citation omitted).

> The entrapment defense consists of two elements: (1) acts of persuasion, trickery or fraud carried out by law enforcement officers or their agents to induce a defendant to commit a crime, [and] (2) when the criminal design originated in the minds of the government officials, rather than with

the innocent defendant, such that the crime is the product of the creative activity of the law enforcement authorities.

*State v. Reid,* ___ N.C. App. ___, ___, 735 S.E.2d 389, 398 (2012).

Law enforcement may rightfully furnish to the players of [the drug] trade opportunity to commit the crime in order that they may be apprehended. It is only when a person is induced by the officer to commit a crime which he did not contemplate that we must draw the line.

*Broome,* 136 N.C. App. at 89, 523 S.E.2d at 454 (citation, quotations, and emphasis omitted).

In the absence of evidence tending to show both inducement by government agents and that the intention to commit the crime originated not in the mind of the defendant, but with the law enforcement officers, the question of entrapment has not been sufficiently raised to permit its submission to the jury.

*State v. Walker,* 295 N.C. 510, 513, 246 S.E.2d 748, 750 (1978) (citations omitted).

Here, considering the evidence in the light most favorable to defendant, it is insufficient to support defendant's entrapment claim. Defendant testified that during the nine months prior to the day of his arrest, Griggs had provided him with prescription pain pills referred to as "Norcos" or "tens" to help him manage pain from an aggravated injury. Defendant further testified that on the morning of 4 August 2010, he received a phone call from Griggs. Griggs indicated to him that she had access to pills. Defendant wanted to purchase between ten and twenty pills and agreed to meet Griggs in the grocery store parking lot in order to purchase the pills.

Defendant then met Griggs in the grocery store parking lot and Griggs entered his vehicle. Defendant gave her eighty dollars and received fourteen pills. The fourteen pills were within the range of the ten to twenty pills defendant had requested.

Defendant testified that while in his vehicle, he noted that the pills he was given were not the type of pills that Griggs had previously provided him. Defendant further testified that he handed the pills back to Griggs; that Griggs refused to refund the money; and that instead, Griggs leaned over and hugged defendant before exiting the vehicle. Defendant testified that he believed that Griggs kept both the pills and the money when she exited the vehicle.

Officers of the Rowan County Sheriff's Department stopped defendant as he left the parking lot. An initial search of defendant and his car yielded no pills. However, during a second search of defendant's car while preparing to remove the driver's seat from the vehicle, a detective noticed a bulge in the seat. Upon removing the cushion on the driver's seat, the officer observed a plastic bag with fourteen pills.

Griggs testified as a witness for the State. Prior to the morning of 4 August 2010, Griggs had been approached by Detective K.L. Meyers with the Rowan County Sheriff's Department who asked if she would help "get [defendant] caught with pills." On the morning of 4 August 2010, she made a recorded phone call to defendant in the presence of Det. Meyers. Griggs asked defendant "if he wanted hydrocodone[,]" and the two agreed to meet. Det. Meyers provided Griggs with fourteen oblong pills marked M357. A chemical analysis performed later determined that the pills weighed 9.0 grams and contained dihydrocodone / hydrocodone – a narcotic, an opiate derivative, and a schedule III controlled substance. At trial, a witness testifying as an expert in forensic chemistry stated that the markings, M357, on the pills indicated that they were a generic form of Vicodin, containing hydrocodone acetaminophen.

Defendant contends that the plan for him to buy prescription pain medication originated with law enforcement and that he was not predisposed to commit the crime of trafficking in opiates. Defendant also contends that he lacked any knowledge he was in possession of the pills Griggs offered him and that on these bases, he was entitled to an instruction on entrapment.

By his own admission defendant had acquired pills for pain from Griggs over a nine month period. Then on 4 August, when Griggs asked defendant if he was interested in purchasing pain pills with hydrocodone, defendant requested at least ten to twenty pills and agreed to meet Griggs that same day. Viewed in the light most favorable to defendant, the record shows that defendant had obtained pain pills many times before law enforcement became involved; that on 4 August, law enforcement afforded defendant an opportunity to acquire pain pills, that defendant did in fact acquire the pills and that they were pain pills, albeit not the same type as those defendant had obtained before. On this record, defendant has failed to produce credible evidence that he was induced by persuasion, trickery or fraud to commit a crime he otherwise had no intention of committing. *See Reid*, ___ N.C. App. at ___, 735 S.E.2d at 398. In fact, much of this evidence, including defendant's obtaining 100

pills from Griggs over a period of several months shows a predisposition to commit the offense of possession of a controlled substance. As the contentions brought forth on appeal do not illustrate circumstances that would entitle defendant to an instruction on entrapment, we hold that the trial court did not err in failing to so instruct the jury. Accordingly, defendant's arguments are overruled.

No error.

Judges ELMORE and ERVIN concur.