STATE OF NORTH CAROLINA v. WILLIE EDWARD MOORE

No. 71

(Filed 13 October 1971)

1. Robbery § 1— elements of common law robbery

Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear; it is not necessary to prove both violence and putting in fear, proof of either being sufficient.

2. Robbery § 4— armed robbery — sufficiency of evidence — victim's life endangered or threatened

The State's evidence was sufficient to be submitted to the jury in this prosecution for armed robbery where it tended to show that defendant demanded the victim's money and removed $1.39 from the victim's pocket with his left hand while holding an opened knife in his right hand, that defendant threatened to cut off the victim's head if he didn't surrender his billfold, that defendant struck at the victim with his knife but hit the window of the victim's truck, and that the victim then escaped from defendant, notwithstanding the victim testified that he "was not scared or in fear of (his) life," since the evidence was sufficient to support a jury finding that the victim's life was in fact endangered or threatened by defendant's possession, use or threatened use of the opened knife.

3. **Robbery § 3— armed robbery — threats and attempted stabbing after money was taken —. competency**

In this trial upon an indictment charging defendant with an armed robbery of $1.39, evidence that after defendant had taken the $1.39 he threatened to cut off the victim's head unless the victim surrendered his billfold and that he attempted to stab the victim was competent, since the events referred to in the evidence occurred as part of a single transaction.

4. **Criminal Law § 132— motion to set aside verdict**

Motion to set aside the verdict as being against the weight of the evidence was addressed to the trial court's discretion.

5. **Criminal Law § 158— failure to include charge in record — presumption**

Where the court's charge was not brought forward in the record, it is presumed that the jury was charged correctly as to the law arising upon the evidence as required by G.S. 1-180.

APPEAL by defendant from *McLean, J.,* at February 1, 1971 Schedule "A" Criminal Session of MECKLENBURG Superior Court, transferred for initial appellate review by the Supreme Court under general order of July 31, 1970, entered pursuant to G.S. 7A-31 (b) (4).

Defendant was indicted for the armed robbery of Grover C. Lowery with a deadly weapon, namely, a knife, in violation of G.S. 14-87, the amount taken being $1.39.

The only evidence was that offered by the State. It tends to show the facts, summarized except where quoted, narrated below.

On July 14, 1970, between 7:15 and 7:25 a.m., Grover Coleman Lowery (Lowery), a driver of a Waldensian Bakery truck, was parked across Caldwell Street in Charlotte, North Carolina, from a grocery store, waiting for the store to open so he could make a delivery. He had been waiting a very few minutes when defendant crossed Caldwell Street, walked up to the side of the truck, and said, "Man, I want your money." Defendant reached into Lowery's pocket and removed what Lowery "later learned (to be) $1.39." As he was reaching into Lowery's pocket with his left hand, defendant had an opened knife in his right hand. Defendant said, "Man, I want your billfold." When Lowery stated that he did not have a billfold, defendant said, "I'll cut your God damn head off if you don't give it to me." Lowery had "one foot on the bottom step of the van and the other one up." As Lowery began "to pull the door to a

little bit," defendant "drew that knife back and struck but he hit the glass with the knife," the glass being right beside Lowery. Lowery managed to knock the truck out of gear. It rolled down the incline (street). Then, after driving a few blocks, Lowery located W. T. Thompson (Thompson), a Charlotte Police Officer, and reported the robbery. Thompson followed Lowery back to the scene. They observed a group of four or five persons on the sidewalk on Seventh Street, approximately 50 feet west of Caldwell Street and approximately 250 feet from the grocery store. Lowery identified defendant as the man who had robbed him. Thompson found two $1.00 bills balled up in defendant's fist, which defendant had drawn behind him on Thompson's approach. A frisk of defendant disclosed that "he had a knife in his right front pocket with the blade open." Later, at the police station, Thompson found two nickels and four pennies in defendant's possession.

The jury found defendant guilty of armed robbery as charged in the indictment. Thereupon, the court pronounced judgment that defendant be confined in the State's prison for the term of 25 years. It was ordered that this sentence commence at the expiration of a sentence imposed by Judge Bailey at the May 8, 1967 Regular "B" Session of Mecklenburg Superior Court in Case No. 49-288.

Defendant excepted and appealed.

*Attorney General Morgan, Assistant Attorney General Eagles and Staff Attorney Walker for the State.*

*Richard H. Robertson for defendant appellant.*

BOBBITT, Chief Justice.

Defendant assigns as error the denial of his motion under G.S. 15-173 for judgment as of nonsuit.

Lowery's testimony includes a statement that he "was not scared or in fear of (his) life." Defendant contends Lowery's asserted absence of fear of his life negates the guilt of defendant in respect of the crime charged in the indictment. We hold this contention is without merit.

[1] Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State*

*v. Lawrence,* 262 N.C. 162, 163, 136 S.E. 2d 595, 596-597 (1964), and cases cited. It is not necessary to prove both violence and putting in fear—proof of *either* is sufficient. *State v. Sawyer,* 224 N.C. 61, 65, 29 S.E. 2d 34, 37 (1944), and cases cited.

Lowery testified the money was taken by defendant from his person without his consent and against his will; that defendant reached into Lowery's pocket with his left hand and took his money; and that defendant was holding an opened knife in his right hand. Since this testimony indicates that the money was taken *forcibly* from Lowery's person, it would have supported a conviction of guilty of common-law robbery entirely without reference to whether Lowery perceived danger to himself.

We note (1) that the word "fear" as used in the phrase, "putting him in fear," in the definition of common-law robbery is not confined to fear of death; and (2) that the use or threatened use of a firearm or other dangerous weapon is not an essential of common-law robbery.

The indictment is based on G.S. 14-87, which provides:

"Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not less than five nor more than thirty years."

G.S. 14-87 bears the caption "Robbery with firearms or other dangerous weapons" and defines explicitly the essentials of the crime created thereby. With reference to the evidence in this case, the essentials consisted of the unlawful taking or attempt to take personal property from Lowery; the possession, use or threatened use of "firearms or other dangerous weapon, implement or means"; and *danger* or *threat* to the life of Lowery. *State v. Covington,* 273 N.C. 690, 699-700, 161 S.E. 2d 140, 147 (1968).

[2]  With reference to nonsuit, the determinative question is whether there was evidence sufficient to support a jury finding that Lowery's life was *in fact* endangered or threatened by defendant's possession, use or threatened use of the opened knife, not whether Lowery was "scared or in fear of (his) life." The jury might infer that one who engages in the perpetration of a robbery by means of an opened knife intends to use the knife to inflict injury to the extent necessary or apparently necessary to accomplish his purpose. The verbal threat and the assault (from which Lowery was .protected by the glass door) are indicative of defendant's resolution to use the knife to inflict injury. It may be inferred that the threat of use and actual use of the knife constituted a danger to Lowery's life which was averted by his agility, the protecting glass door and his escape.

The record contains no description of the knife exhibited and used by defendant. In *State v. Norris*, 264 N.C. 470, 473, 141 S.E. 2d 869, 872 (1965), it was held that evidence of the defendant's pointing of a pocketknife with opened blade at his victim was sufficient under the circumstances of that case to support a finding that the pocketknife was a dangerous weapon within the meaning of G.S. 14-87.

On motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference therefrom. *State v. Vincent*, 278 N.C. 63, 64-65, 178 S.E. 2d 608, 609 (1971), and cases cited. When tested by this well-established rule, the evidence was ample to require submission to the jury and to support a verdict of guilty as charged.

[3]  The evidence tends to show that both the verbal threat made by defendant and his actual use of the knife in an attempt to stab Lowery occurred immediately after defendant had obtained the money from Lowery's pocket and while defendant was engaged in an attempt to rob him of his billfold. Seemingly, defendant contends this evidence is irrelevant since the bill of indictment contains no reference to the billfold. It is unnecessary to consider whether defendant could be found guilty under this bill of indictment of attempted robbery of Lowery's billfold. The events referred to in the evidence occurred quickly as parts of a single transaction and all facets of the evidence were for consideration in determining whether defendant was guilty of the specific charge for which he was indicted, namely, robbing Lowery of $1.39.

**[4]**  Defendant's only other assignment of error relates to the denial of his motion to set aside the verdict as being against the weight of the evidence and for a new trial. This motion was addressed to the trial court's discretion and was without merit.

**[5]**  It is noted that the court's charge was not brought forward in the record. Therefore, it is presumed that the jury was charged correctly as to the law arising upon the evidence as required by G.S. 1-180. *State v. Cooper,* 273 N.C. 51, 58, 159 S.E. 2d 305, 310 (1968); 3 Strong, N. C. Index 2d, *Criminal Law* § 158 (1967). Moreover, the record contains a stipulation "that the court's instructions to the jury are free of error."

No error.