STATE OF NORTH CAROLINA v. STANLEY CURTIS WHITAKER

No. 105PA82

(Filed 3 November 1982)

**Robbery § 5.4— common law robbery—failure to instruct on lesser offense of assault—no error**

The trial court did not err in failing to submit assault as a lesser included offense of attempted common law robbery where the evidence tended to show that the victim's assailant grabbed her and said "[t]his is a stickup"; that she offered him her car keys, declaring they were all she had, and that defendant refused to take them. If this evidence is believed, the offense of attempted common law robbery was complete and the State's evidence that defendant in-

tended to rob the victim was overwhelming and unequivocal. Even if defendant's actions in trying to take the victim into the bushes, after the above exchange, gave rise to a reasonable inference that he intended to commit some sexual assault upon her, they did not constitute evidence requiring the submission of lesser included offense for two reasons: (1) If defendant did intend to commit a sexual assault when he first accosted her, he may have committed crimes different from but not lesser included offenses of attempted robbery. (2) If defendant did form an intent to sexually assault her, it arose only after his attempt to rob her was complete, and constituted an offense separate from the attempted robbery but not included in it.

BEFORE *Judge Samuel E. Britt* and a jury at the 2 March 1981 Session of WAKE Superior Court, defendant was convicted of attempted common law robbery. He was sentenced to a maximum term of three years' imprisonment as a committed youthful offender. The Court of Appeals ordered a new trial in an opinion written by *Judge Whichard* and joined by *Judges Clark* and *Becton.* 55 N.C. App. 666, 286 S.E. 2d 640 (1982). This Court granted the state's petition for discretionary review under G.S. 7A-31(a) on 4 May 1982.

*Rufus L. Edmisten, Attorney General, by Richard L. Kucharski, Assistant Attorney General, for the plaintiff appellant.*

*Adam Stein, Appellate Defender, by Malcolm R. Hunter, Jr., Assistant Appellate Defender, for defendant appellee.*

EXUM, Justice.

The sole question in this appeal is whether the trial court erred in failing to submit to the jury the crime of assault as a lesser included offense of attempted common law robbery. The Court of Appeals believed it did and ordered a new trial. We conclude that even if an assault is a lesser included offense of attempted common law robbery, a point we do not decide, the evidence does not justify submission of it to the jury. We reverse.

Defendant was tried on two indictments. One charged him with kidnapping Jo Ellen Inman by removing her from one place to another for the purpose of facilitating the commission of the felony of armed robbery. The other charged him with attempted armed robbery of Ms. Inman.

The state's evidence at trial tended to show the following:

The principal witness for the state was Jo Ellen Inman, the victim. She testified that on 20 September 1980 she went to a friend's apartment near North Carolina State University in Raleigh about midnight. She knocked on the apartment door but there was no answer. There was a light above the door and a street lamp to the side of the apartment. While she waited for her friend to answer, she saw a young black man walking along the sidewalk. She asked the man if he knew if anyone was at home; he responded, "Hunh?"

Suddenly the man jumped toward her, grabbed her around the waist, and shoved a "hard object" into her rib cage. He told her, "[T]his is a stick up," and not to say anything or fight. She held up her car keys and told him that was all she had. The man did not take the keys; instead, he told her they were going down to the bushes. He began pulling her down the steps but she held onto the rail and pushed against him. Before they got to the bushes she kicked him in the thigh, causing him to jump back and loosen his grip. She began screaming and he reacted by backing away. He then hit her in the face and "took off running."

Ms. Inman did not believe the object with which the man threatened her was a knife, although he told her it was. He pressed it against her so hard that she believed if it had actually been a knife it would have cut through her clothing into her body. Instead, it left a bruise about one-and-one-half inches long by one-half inch wide. She also suffered swelling of the forehead and a black eye from the blow to her head.

A neighbor who heard her screams came out to check on her. He did not see her attacker but called police officers and relayed a description of the attacker and Ms. Inman's statement that a man tried to rape her. She identified defendant as her attacker less than an hour later at a "show up" in a restaurant parking lot. She also made a voice identification at the police station a short time later.

Defendant testified in his defense, offering evidence of an alibi.

In the robbery case Judge Britt submitted to the jury only the offense of attempted common law robbery, instructing the jury that it could find defendant guilty of that offense or not

guilty. Judge Britt submitted the kidnapping case to the jury on the theory as charged that the removal of the victim was for the purpose "of facilitating his [defendant's] commission of common law robbery," instructing the jury that it could find defendant guilty of that offense or not guilty.

The jury returned verdicts of guilty of attempted common law robbery and not guilty of kidnapping.

Defendant contends, and the Court of Appeals agreed, that Judge Britt erred in the robbery case by not instructing the jury on the offense of assault. Defendant and the Court of Appeals reason as follows: Attempted common law robbery consists of (1) defendant's specific intent to commit the crime of common law robbery, and (2) a direct but ineffectual act by defendant leading toward the commission of this crime. *See State v. Bailey*, 4 N.C. App. 407, 167 S.E. 2d 24 (1969) (citing *State v. Surles*, 230 N.C. 272, 52 S.E. 2d 880 (1949) (defining elements of attempt), and *State v. Lunsford*, 229 N.C. 229, 49 S.E. 2d 410 (1948) (defining elements of common law robbery)). Assault is a lesser included offense of attempted robbery. *State v. Duncan*, 14 N.C. App. 113, 187 S.E. 2d 353 (1972). The trial judge must charge on a lesser included offense if: (1) the evidence is equivocal on an element of the greater offense so that the jury could reasonably find either the existence or the nonexistence of this element; and (2) absent this element only a conviction of the lesser included offense would be justified. *State v. Riera*, 276 N.C. 361, 368, 172 S.E. 2d 535, 540 (1970). Since defendant in the instant case refused to take the victim's car keys but, instead, told her they were going down into the bushes and attempted to pull her down the steps, he could have had the intent to commit a crime other than robbery, *e.g.*, kidnapping,[1] rape or some other kind of sexual assault. Thus, the state's evidence that defendant intended to commit common law robbery is at best equivocal so that the jury could reasonably find that defendant lacked this intent. Therefore assault should have been submitted to the jury as a lesser included offense of common law robbery.

Assuming, without deciding, that assault is a lesser included offense of attempted common law robbery, we nevertheless dis-

---

1. We reiterate that defendant was charged with kidnapping but was acquitted of that offense.

State v. Whitaker

agree with the proposition that the state's evidence on defendant's intent to commit common law robbery is equivocal. Although it may never be possible to determine with absolute certainty someone's intent, a particular combination of speech and action may constitute such overwhelming evidence that the one who speaks and acts is motivated by a specific intent that no other conclusion is reasonable. Here the uncontradicted evidence is that Ms. Inman's assailant grabbed her and said, "[T]his is a stick up." She offered him her car keys, declaring they were all she had. Defendant refused to take them. At this point, if the state's evidence is believed, the offense of attempted common law robbery was complete and the state's evidence that defendant intended to rob Ms. Inman is overwhelming and unequivocal.

When Ms. Inman said, "[A]ll I have are my car keys," defendant began to pull her down the steps saying, "[W]e are going down to the bushes." We agree with the state that this conduct is perfectly consistent with Ms. Inman's assailant's intent to rob. It is reasonable to infer that, not wanting the car keys, he was attempting to get Ms. Inman in a more secluded spot to determine whether, indeed, she had other property susceptible to being taken. Even if, as defendant argues and the Court of Appeals concluded, defendant's actions in trying to take Ms. Inman into the bushes give rise to a reasonable inference that he intended to commit some sexual assault upon her, they do not constitute evidence requiring the submission of a lesser included offense for two reasons. First, if Ms. Inman's assailant did intend to commit a sexual assault when he first accosted her, he may have committed the crimes of attempted second degree rape or attempted second degree sexual offense, different but not lesser included offenses of attempted robbery. Second, the only reasonable inference to be drawn from the evidence is that if Ms. Inman's assailant did form an intent to sexually assault her, it arose only after his attempt to rob her was complete, and constituted an offense separate from the attempted robbery but not included in it.

It was not error, therefore, to fail to submit assault as a lesser included offense of attempted common law robbery. The judgment and verdict of the trial court are, therefore, reinstated and the decision of the Court of Appeals awarding a new trial is

Reversed.