STATE OF NORTH CAROLINA
v.
CHRISTOPHER LEVAR ELDRIDGE
No. COA08-1219
Court of Appeals of North Carolina.
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Nancy E. Scott, for the State.
Mary March Exum, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered upon a jury's verdict finding him guilty of common law robbery, and upon his subsequent plea of guilty to attaining habitual felon status. We find no error.
The State's evidence tended to show that on 26 October 2006, Mitzi Farmer, an assistant manager at the Radio Shack store on Reynold a Road in Winston-Salem, observed defendant and another man enter the store at approximately 3:45 p.m. Ms. Farmer acknowledged the two men, and went back to working with a customer on the telephone. The man who had entered the store with defendant was in the middle aisle looking at speaker wire and parts. After finishing with the customer on the phone, Ms. Farmer began talking with him. At some point, Ms. Farmer heard a noise in the back room. She proceeded to the back room and noticed a TV box on the floor. This was unusual because the store did not keep merchandise on the floor because the back room was prone to flooding. Ms. Farmer saw defendant in the back room, advised him that customers were not allowed back there, and asked if she could help him. Defendant responded, "No ma'am. Thanks. I got it." Ms. Farmer testified that defendant was "extremely polite," but "at the same time, [his voice] was kind of demanding like cautiously warning me that  you know, or asking me to leave." She told defendant that she would be happy to ring up the television for him if that is what he wanted and wheel it out to his car after he paid for it. Ms. Farmer then placed her hand on the box to position herself between defendant and the back door. Defendant also had his hand on the box and asked Ms. Farmer to get out of the way. Ms. Farmer again instructed defendant to go back to the sales floor. Defendant then pushed Ms. Farmer on the shoulder and she fell backwards onto the overstock shelves. Defendant picked up the television, smashed against the back door, breaking off the handle, and fled the store. Ms. Farmer testified that the television was a 27-inch Akai television.
Ms. Farmer testified that after she stood up, she went to the back door and saw defendant get into the back seat of an older white Chevrolet with damage to the front passenger side. Defendant pushed the television into the car as he closed the door. The car drove backwards from the store, so Ms. Farmer was not able to get the license plate number. Ms. Farmer immediately called 911 and police arrived in a matter of minutes. Ms. Farmer reviewed the surveillance tape to make sure defendant was on the tape. The tape showed defendant and the other man entering the store.
Detective Lyman Clark was assigned to this case. He testified that he put together a photographic lineup, consisting of six color photographs, including a photo of defendant. The photographic lineup was presented to Ms. Farmer, and she was unable to identify defendant. In the courtroom, Ms. Farmer identified defendant as the person who had taken the television.
Detective Clark testified that he showed the photographs printed from the video surveillance tapes to defendant and defendant identified himself in the photos as the man in the white shirt and dark jacket standing at the cash register. He identified the gentleman with him as Jose.
Defendant presented no evidence.
Defendant's first argument on appeal is that the trial court erred in denying his request for a jury instruction on the lesser included offense of larceny from the person.
"Common law robbery is the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." State v. Smith, 305 N.C. 691, 700, 292 S.E.2d 264, 270, cert. denied, 459 U.S. 1056, 74 L. Ed. 2d 622 (1982). "Larceny from the person is a lesser included offense of common law robbery." State v. White, 142 N.C. App. 201, 204, 542 S.E.2d 265, 267 (2001). The distinction between the greater and lesser offense is that robbery requires the taking to be accomplished by means of violence or fear. Id.
"The trial judge must charge on a lesser included offense if: (1) the evidence is equivocal on an element of the greater offense so that the jury could reasonably find either the existence or the nonexistence of this element; and (2) absent this element only a conviction of the lesser included offense would be justified." State v. Whitaker, 307 N.C. 115, 118, 296 S.E.2d 273, 274 (1982).
Defendant argues that a larceny from the person charge was required because Ms. Farmer testified she was not afraid and defendant's pushing Ms. Farmer backwards would not rise to the level of violence required to submit the case to the jury on a charge of common law robbery. We disagree.
Common law robbery requires proof of violence or fear, not both. State v. Moore, 279 N.C. 455, 457, 183 S.E.2d 546, 547 (1971). "Generally the element of force in the offense of robbery may be actual or constructive. Although actual force implies personal violence, the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property or property in his possession." State v. Sawyer, 224 N.C. 61, 65, 29 S.E.2d 34, 37 (1944). In this case, the evidence of the use of force was uncontroverted. Defendant's act of pushing Ms. Farmer backwards forced her to fall and prevented her from resisting the taking of the television. The force used to push Ms. Farmer out of the way allowed defendant to pick up the television, exit through the back door, and flee in the awaiting car with the television. Accordingly, we conclude the trial court did not err in refusing to submit an instruction on the lesser included offense of larceny from the person.
Defendant next argues that the trial court erred by denying his motion to dismiss the charges where there was no evidence that defendant placed the victim in fear or that he committed the robbery with violence.
When reviewing a motion to dismiss, we view "the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it." State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 382 (1988). "If substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator, it is proper for the trial court to deny the motion." State v. Morgan, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 79 (2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).
As we discussed above, common law robbery requires proof of violence or fear, not both. Moore, 279 N.C. at 457, 183 S.E.2d at 547. There was substantial evidence that defendant used force or violence against Ms. Farmer to accomplish the taking of the television. The trial court properly denied defendant's motion to dismiss.
No error.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).