STATE OF NORTH CAROLINA
v.
GABRIELLE CARBAJAL
No. COA09-378
Court of Appeals of North Carolina
Filed December 22, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General P. Bly Hall, for the State.
Lucas & Ellis, PLLC, by Anna S. Lucas, for defendant-appellant.
CALABRIA, Judge.
Gabrielle Carbajal ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of attempted common law robbery. We find no error.
On the night of 6 November 2007, Matthew Hazzard ("Hazzard") was a student at North Carolina State University ("the University"). Around ten or eleven o'clock at night, Hazzard left the University campus to return to his apartment. Along the way, he saw three men ("the men") standing in the street. The men looked "disheveled" and did not look friendly. Hazzard tried to avoid them. One of the men called out to Hazzard as he passed by, and asked him for money. As Hazzard continued walking, he heard the men running up behind him. Hazzard turned around and someone punched him in the face, breaking his nose. Hazzard did not know which of the three men hit him. Hazzard then reached into his pocket and pulled out a knife in an attempt to scare the men away.
At this point, the three men were within ten feet of Hazzard, and they told Hazzard that they just wanted some money. One of the men took Hazzard's hand with the knife in it and said, "[a]re you going to use that?" Hazzard stated that he felt threatened and was scared for his life.
Defendant then ran toward Hazzard and punched him in the side of his face, injuring his jaw. Hazzard ran away, and though the men chased initially, they eventually stopped. Hazzard called the police from his cell phone and described the incident and the attackers. Officers A.S. Morton and Kimberly LeBlanc of the Raleigh Police Department ("the officers") responded and began patrolling the area for the suspects.
Around 2:00 a.m., the officers saw defendant and a companion that matched the descriptions given by Hazzard in a parking lot. They detained the men and called Hazzard to identify the men. Hazzard was able to identify them as two of the men who had threatened him, but he could not say at that point which of the two had hit him the second time. Later, Hazzard recalled further details about the incident and was able to determine defendant was the man who had hit him. The third man was never apprehended.
Defendant was arrested, indicted, and subsequently tried in Wake County Superior Court for the offense of common law attempted robbery. At trial, defendant moved to dismiss the charge for lack of sufficient evidence at the close of the State's evidence, but the motion was denied. Defendant did not present any evidence. On 28 August 2008, the jury returned a verdict finding defendant guilty of attempted common law robbery. Defendant was sentenced to a minimum of ten months to a maximum of twelve months in the North Carolina Department of Correction. Defendant appeals.
Defendant contends that the trial court erred in denying his motion to dismiss because the State failed to present sufficient evidence that defendant had the intent to rob Hazzard. Defendant argues that no evidence was presented that defendant himself made any demands for money, and that although evidence was presented that defendant hit the victim, defendant was not tried for assault.
When a trial court is faced with a motion to dismiss for lack of sufficient evidence, the court must determine whether the State has presented substantial evidence (1) of each essential element of the offense charged or a lesser included offense and (2) of defendant's identity as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conviction." State v. Jarrett, 137 N.C. App. 256, 262, 527 S.E.2d 693, 697 (2000) (citation omitted). Upon appellate review, we are compelled to view the evidence in the light most favorable to the State, with all reasonable inferences to be drawn therefrom. State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (citation omitted). Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal of the case. Id. "If there is substantial evidence  whether direct, circumstantial, or both  to support a finding that the offense charged has been committed and that the defendant committed it, a motion to dismiss should be denied." State v. Herring, 322 N.C. 733, 738, 370 S.E.2d 363, 367 (1988).
"Attempted common law robbery consists of (1) defendant's specific intent to commit the crime of common law robbery, and (2) a direct but ineffectual act by defendant leading toward the commission of this crime." State v. Whitaker, 307 N.C. 115, 118, 296 S.E.2d 273, 274 (1982). "Common law robbery is defined as `the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear.'" Herring, 322 N.C. at 739, 370 S.E.2d at 368 (citation omitted). Moreover, "[i]ntent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." Id. at 740, 370 S.E.2d at 368 (citation omitted).
The State prosecuted defendant under the theory of acting in concert. "A defendant acts in concert with another to commit a crime when he acts in harmony or in conjunction with another pursuant to a common criminal plan or purpose." State v. Lundy, 135 N.C. App. 13, 18, 519 S.E.2d 73, 78 (1999) (citation omitted). The essential elements of acting in concert are: "(1) being present at the scene of the crime, and (2) acting together with another person who commits the acts necessary to constitute the crime pursuant to a common plan or purpose." State v. Poag, 159 N.C. App. 312, 320, 583 S.E.2d 661, 667 (2003) (citation omitted). A defendant may be convicted of a specific intent crime on a theory of acting in concert. See State v. Blankenship, 337 N.C. 543, 558, 447 S.E.2d 727, 736 (1994), overruled on other grounds, State v. Barnes, 345 N.C. 184, 481 S.E.2d 44 (1997).
In the instant case, the State presented evidence that three men, including defendant, were standing in the street late at night when Hazzard walked by. The men called out to Hazzard as he passed, and asked for money in a demanding and menacing way. Hazzard tried to ignore the men. The men ran after Hazzard, and one of the men punched him in the face. Although Hazzard tried to scare the men off by pulling out a knife, one of the men grabbed Hazzard's arm, and another of them stated again that they wanted money. Defendant then hit Hazzard in the face, at which point Hazzard was able to run away. Taken in the light most favorable to the State, the evidence shows that the men, including defendant, attempted to take money from Hazzard by using fear, intimidation, and force. We find the evidence was sufficient for a reasonable mind to accept that defendant attempted to rob Hazzard by acting in concert with the two other men, and that his intent to do so may be inferred from the circumstances. Therefore, the trial court did not err in denying defendant's motion to dismiss.
No error.
Judges WYNN and STROUD concur.
Report per Rule 30(e).