**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4294**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

      v.

JAMAL KWAME HOSENDOVE,

               Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge. (7:12-cr-00093-H-1)

─────────────

Submitted:  March 30, 2014         Decided:  August 18, 2014

─────────────

Before WILKINSON and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jamal Hosendove as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 62 months' imprisonment.

Hosendove contends that the evidence was insufficient to support his conviction. He also argues that the district court erred in applying a four-level enhancement to his sentence for possessing a firearm in connection with another felony offense. For the reasons that follow, we affirm.

I.

On appeal from a criminal conviction, we "construe the evidence in the light most favorable to the government." United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011).

A.

On December 10, 2011, Jacksonville, North Carolina police responded to a 911 call reporting an alleged armed robbery at the Sandy Run apartment complex. The caller gave a brief description of two assailants and alerted authorities that one of the suspects might have a weapon. Upon arrival, police spotted Marcus Robinson and Jamal Hosendove, who fit the description of the assailants provided by the 911 caller. After a brief chase, both men were arrested. The police also found a firearm nearby.

2

At trial, Anthony Stephens testified that Marcus Robinson assaulted him in the hallway of the Sandy Run apartment complex after he failed to pay a debt owed to Robinson. Stephens noticed a second man standing behind him when he tried to get away. Stephens was unable to identify the second man because he stood in a poorly lit area of the hallway. However, Stephens did see a firearm tucked inside the man's waistband, which he described as silver with a black or brown handle.

The government also introduced testimony from several police officers, including Officer Ervin and his partner, Officer Smallwood, who were the first officers to respond to the 911 call.[1] Ervin saw two black men fitting the description given by the 911 caller. The two men, Robinson and Hosendove, were walking away from the Sandy Run apartment complex as Ervin and Smallwood arrived. Ervin blew his horn to get their attention and Hosendove immediately began running. Ervin pursued Hosendove in his police cruiser and saw Hosendove remove a firearm from his waistband. Ervin yelled "He's got a gun" to inform his partner, who then immediately alerted dispatch. J.A. 119. In what Ervin described as an effort to defend himself

---

[1] Smallwood's testimony was consistent with Ervin's version of their encounter with Robinson and Hosendove.

against what he perceived to be a deadly threat, Ervin hit Hosendove with the right front corner of his police cruiser. At that point, Hosendove threw the firearm on the ground, rolled off the hood of the car, and continued running. After Hosendove discarded the firearm, Ervin got out of his cruiser and pursued Hosendove on foot. Once Robinson and Hosendove were apprehended, the officers located the discarded firearm, which matched Stephens's description of the weapon.

During cross-examination, defense counsel asked Ervin if he had kicked Hosendove in the head after securing him on the ground. Officer Ervin denied it, but defense counsel then introduced a recorded video of the arrest that contradicted Ervin's statement.

After the close of the government's case-in-chief, Hosendove moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The district court denied the motion. Hosendove's only evidence was to walk before members of the jury so that they could observe his stature. He then rested and renewed his motion for judgment of acquittal, which the court again denied. The jury returned a guilty verdict on the charge of being a felon in possession of a firearm.

The PSR recommended a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for unlawful possession of a firearm in connection with another felony offense. According to the PSR, Hosendove aided and abetted Robinson in his robbery of Stephens.[2] Although Hosendove did not use the weapon during the robbery, the probation officer concluded that it had the "potential of facilitating the offense," thus making the enhancement applicable. J.A. 272. Hosendove objected to the four-level enhancement on the ground that he did not rob or assault Stephens. He also contended that Stephens did not identify him at trial as the second man. The district court overruled the objection and applied the enhancement.

The resulting Guidelines range for imprisonment was 63-78 months, based on a total offense level of 24 and a criminal history category of III. The district court initially indicated that 78 months would be an appropriate sentence, but reduced the sentence to 62 months, pursuant to U.S.S.G. § 5G1.3(b), to account for the sixteen months Hosendove had served in state prison on related charges. This appeal followed.

---

[2] The PRS noted that police interviewed Stephens at the hospital, where he told them that Robinson stole his cell phone and that the second man also struck him during the assault. J.A. 258.

II.

On appeal, Hosendove contends that (1) he was entitled to a judgment of acquittal due to insufficient evidence, and (2) the district court erred in enhancing his base offense level for possession of a firearm in connection with another felony offense. We consider each issue in turn.

A.

We review de novo the district court's denial of a defendant's motion for judgment of acquittal. Penniegraft, 641 F.3d at 571. "In reviewing the sufficiency of the evidence following a conviction, [we] construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." Id. Furthermore, we "cannot make [our] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." Id. at 572 (internal quotation marks omitted).

To convict Hosendove of being a felon in possession of a firearm, the government had to prove three elements: (1) that Hosendove knowingly possessed a firearm; (2) that Hosendove had a prior felony conviction; and (3) that the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134,

136 (4th Cir. 2001). Hosendove stipulated to the second and third elements, so the government needed to prove only the first--possession.

Hosendove contends that he was entitled to a judgment of acquittal because the government failed to prove the element of possession by "credible" evidence. Appellant's Br. at 14. Hosendove argues that Ervin, the only witness to testify that Hosendove possessed a firearm, was not credible because he was impeached when he denied kicking Hosendove as he lay on the ground.

As our cases emphasize, however, credibility is determined by the fact-finder. Here, the jury was charged with evaluating Ervin's testimony and determining the amount of weight, if any, to give it. Ervin testified that Hosendove possessed the firearm, and the jury apparently found Ervin's testimony credible despite defense counsel's impeachment effort.

Moreover, other evidence corroborated Ervin's testimony. Minutes after responding to the 911 call, officers saw Hosendove and Robinson leaving the Sandy Run complex together. After Hosendove was arrested, police found a firearm in the area where Hosendove ran. And Smallwood and another officer testified as to the location where the firearm was found. The jury also heard Stephens describe the firearm he saw in the waistband of

the second man, a description consistent with the firearm the police found after Hosendove's arrest.

After careful review, we are satisfied that there was sufficient evidence to support Hosendove's conviction. Thus, the district court correctly denied Hosendove's motion for a judgment of acquittal.

## B.

Hosendove next complains of his four-level sentencing enhancement. The district court enhanced Hosendove's sentence because, it found, he had "used or possessed [the] firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B).

On appeal, Hosendove argues only that the facts of this case do not satisfy the elements of armed robbery under North Carolina law--the "[]other felony offense" suggested by the probation officer.[3] See J.A. 271. According to Hosendove, "the government presented no evidence that [he] endangered or threatened Stephens' life by the use of a gun," as Hosendove stood behind Stephens, and the gun never left his waistband. Appellant's Br. at 22.

---

[3] The district court was rather less clear at the sentencing hearing, referring simply to "the assault" before finding that "there is sufficient preponderance of the evidence to allow the enhancement for possession of a firearm in connection with another felony offense." J.A. 281.

8

Hosendove did not raise this specific issue at sentencing, and thus we would normally review for plain error. We need not wade into Hosendove's argument, however, because the PSR supports the application of the enhancement on the basis of North Carolina common law robbery. See United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record.").

"Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." State v. Moore, 183 S.E.2d 546, 547 (N.C. 1971). And someone "who aids or abets another in the commission of [that] crime is equally guilty with that other person as [a] principal." State v. Noffsinger, 528 S.E.2d 605, 610 (N.C. Ct. App. 2000). Here, the district court adopted the findings of the PSR as "credible and reliable." J.A. 292. According to the PSR, Robinson took Stephens's cell phone after he and a second man beat Stephens.[4]

---

[4] As noted earlier, Hosendove did not dispute the PSR's summary of how Stephens was assaulted and robbed; rather, he denied any involvement in the offense. But based on the district court's recollection of the evidence presented at trial, the court resolved that specific objection against Hosendove.

At trial, Stephens also testified that he tried to get away but noticed the second man standing behind him, effectively blocking his escape. Thus, the record evidence supports a finding by a preponderance of the evidence that Hosendove aided and abetted the commission of common law robbery.

Common law robbery also suffices under the federal Sentencing Guidelines. The Guidelines enhancement requires a finding of "another felony offense," defined as "any Federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2K2.1 cmt. 14(C). Common law robbery is a Class G felony in North Carolina. See N.C. Gen. Stat. § 14-87.1. Under North Carolina's sentencing scheme, the presumptive range for a Class G felony permits a sentence in excess of one year for even the lowest criminal history category.[5] See N.C. Gen. Stat. § 15A-1340.17(c). And Hosendove's firearm "facilitated, or had the potential of facilitating," common law robbery. U.S.S.G. § 2K2.1 cmt. 14(A); see also United States v. McKenzie-Gude, 671 F.3d 452, 464 (4th Cir. 2011) ("This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense,

---

[5] As we explained in United States v. Kerr, 737 F.3d 33 (4th Cir. 2013), we consider the presumptive range to establish the maximum penalty for a North Carolina conviction where, as here, no aggravating factors are in play.

including if the firearm was present for protection or to embolden the actor." (internal quotation marks omitted)). Accordingly, the district court did not err in applying the sentencing enhancement.

## III.

For the foregoing reasons, we affirm the district court's judgment.

AFFIRMED