HUNTER, JR., Robert N., Judge.
Isaiah Jurel Fox ("Defendant") appeals by petition for writ of certiorari from judgments entered upon his Alford plea to nineteen offenses against person and property. Defendant has also submitted an Anders brief, which we dismiss since Defendant cannot appeal as of right due to his guilty plea, and his appeal does not fall within the limited statutory criteria for review. N.C. Gen. Stat. § 15A-1444 (2015).
We allow Defendant's petition for the limited purpose to review whether the factual basis for Defendant's guilty plea to the offense of common law robbery was sufficient to support Defendant's conviction on that charge. Because the State concedes and we agree the factual basis offered to support Defendant's guilty plea to the offense of felonious common law robbery was not sufficient to support Defendant's conviction on that charge, we vacate Defendant's plea agreement and remand the case to the trial court for resentencing on the charges which have a factual predicate.
I. Procedural History
A Guilford County grand jury indicted Defendant on 9 November 2015 for committing the following offenses on 6 October 2015: (1) felonious assault with a deadly weapon with intent to kill and inflicting serious injury; (2) first-degree kidnapping; (3) felonious robbery with a firearm; (4) two counts of felonious common law robbery; (5) attempted felonious common law robbery; (6) three counts of felonious breaking and entering; (7) felonious hit and run resulting in injury; and (8) felonious conspiracy. On this same day, Defendant was indicted for attaining the status of an habitual felon.
A Guilford County Grand Jury indicted Defendant on 30 November 2015 for committing the following additional offenses on 6 October 2015: (1) attempted felonious robbery with a firearm; (2) second-degree kidnapping; (3) assault with a deadly weapon inflicting serious injury; (4) felonious common law robbery; (5) attempted felonious common law robbery; (6) two counts of felonious breaking and/or entering; (7) felonious hit and run resulting in injury; (8) felonious larceny by anti-inventory control device; (9) attempted felonious larceny; and (10) attempted felonious larceny of a motor vehicle.
Also on 30 November 2015, a grand jury indicted Defendant for committing the offenses of felonious larceny and habitual larceny on 10 July 2015. Defendant additionally was indicted for attaining the status of an habitual felon.
On 8 July 2016, Defendant pled guilty pursuant to an Alford plea to the following offenses: (1) felonious assault with a deadly weapon with intent to kill and inflicting serious injury; (2) attempted felonious robbery with a firearm; (3) assault with a deadly weapon inflicting serious injury; (4) second-degree kidnapping; (5) four counts of felonious common law robbery; (6) five counts of felonious breaking and/or entering; (7) attempted felonious common law robbery; (8) two counts of felonious hit and run resulting in injury; (9) attempted felonious larceny of a motor vehicle; and (10) attempted larceny from the person. Defendant also pled guilty to attaining the status of an habitual felon.
During the plea colloquy, the State provided the factual basis for the plea pursuant to N.C. Gen. Stat. § 15A-1022 by narrating the events it used to support each of the 19 charges to which Defendant pled. Neither Defendant nor Defendant's counsel objected at any point to the State's statement of facts. Defendant also stipulated to the factual basis offered by the State for each of the offenses to which Defendant pled guilty. Under the terms of the plea arrangement, the State dismissed the remaining charges, and Defendant agreed he was a prior record level V offender and his "sentence exposure [was] to 6 Class C felonies." The trial court accepted Defendant's plea, consolidated the offenses for judgment, and sentenced Defendant in the presumptive range as a prior record level V offender to four consecutive sentences of 105 to 138 months' imprisonment. These sentences are in the presumptive range.
On 19 July 2016, Defendant sent a handwritten, pro se notice of appeal to the Guilford County Clerk of Court stating he wanted to appeal the trial court's decision in his case. The Clerk's office stamped the notice on 22 July 2016. The trial court thereafter entered appellate entries and appointed the Office of Appellate Defender to represent Defendant. Defendant filed the record on appeal on 3 April 2017. This Court ordered Defendant's brief to be filed on or before 5 May 2017.
On 2 May 2017, Defendant filed a petition for writ of certiorari with this Court. In his petition, Defendant contended his guilty plea was not voluntary and challenged the sufficiency of the factual basis offered by the State in support of three of the nineteen charges to which Defendant pled guilty.[1] Defendant's appellate counsel acknowledged she was not able to identify any issues to support a direct appeal. Defendant's counsel then failed to timely file an Anders brief asking this Court to independently review the record and transcript for issues.
On 8 June 2017, the State moved to dismiss Defendant's appeal and filed its response to Defendant's petition for writ of certiorari. On 20 June 2017, Defendant filed a motion designated "Defendant's motion to deem timely filed." Contemporaneously with this "motion to deem timely filed," Defendant's counsel filed an Anders brief. This Court allowed Defendant's motion on 23 June 2017.
II. Petition for Writ of Certiorari
In his petition for writ of certiorari, Defendant contends, and the State does not dispute, the factual basis offered to support Defendant's conviction for common law robbery was only sufficient to support a conviction for attempted common law robbery. Because the State concedes an insufficient factual basis for Defendant's guilty plea to common law robbery, we grant Defendant's petition for the limited purpose of examining the sufficiency of the factual basis offered by the State to support Defendant's guilty plea of common law robbery.
"The elements of the offense of common law robbery are (1) the felonious, non-consensual taking of (2) money or personal property (3) from the person or presence of another (4) by means of violence or fear." State v. Hedgecoe , 106 N.C. App. 157, 161, 415 S.E.2d 777, 780 (1992), "Attempted common law robbery consistes of (1) [a] defendant's specific intent to commit the crime of common law robbery, and (2) a direct but ineffectual act by [a] defendant leading toward the commission of this crime." State v. Whitaker , 307 N.C. 115, 118, 296 S.E.2d 273, 274 (1982).
Here, the State offered the following factual basis to support Defendant's conviction for common law robbery (15 CRS 87743). Defendant entered a TJ Maxx store with the intent to "steal some pocketbooks." Upon entering the store, Defendant drew the attention of the loss prevention manager, Alvis Williams ("Williams"). Williams observed Defendant select six purses and stuff them into his backpack. Williams also watched Defendant walk past the cashier counters and attempt to exit the store with the purses in his backpack. Prior to Defendant's exit, Williams approached Defendant and a "scuffle ensued." Defendant struck Williams in the face with his elbow, but Williams was successfully able to retrieve the purses. Defendant fled the store and escaped in an automobile driven by someone else.
Defendant contends, and the State does not dispute, the factual basis offered to support Defendant's conviction for common law robbery was only sufficient to support a conviction for attempted common law robbery. The trial court consolidated Defendant's conviction for common law robbery with other charges including assault with a deadly weapon inflicting serious injury, attempted larceny from the person, and defendant's status as an habitual felon. We vacate Defendant's plea agreement and remand to the trial court for resentencing.
APPEAL DISMISSED; SENTENCE VACATED AND REMANDED.
Report per Rule 30(e).
Judges INMAN and BERGER concur.

We need not address all Defendant's contentions in his petition for writ of certiorari since we conclude the factual basis for one of Defendant's pleas is insufficient to support his plea, and as a result, vacate Defendant's plea agreement and remand the case to the trial court for resentencing on the charges which have a factual predicate.